## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:08-cv-21340-ASG

Duane R. Olson

08CV3505
JUDGE LEINENWEBER
MAGISTRATE JUDGE COX

Plaintiff(s),

v.

Federal Correctional Institution
Mr. Jorge Pastrana, Warden

Defendant(s),

=ILED

JUN 1 7 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### CLERK'S NOTICE OF TRANSFER TO OTHER DISTRICT

Pursuant to the Order of Transfer entered on June 4,2008 _____, the above-styled case

is hereby transferred to the United States District Court for the Northern District of Illinois _____.

Enclosed are certified copies of the Order of Transfer and the Court's docket sheet. The case record is ☐ a

**combined paper and electronic file or ☑ an electronic file** and the imaged documents can be obtained at

**PACER.USCOURTS.GOV** by using your Pacer (**not CM/ECF**) login and password. If you do not have a pacer

login, please contact the Pacer Center at 1-800-676-6856.

DONE at the Federal Courthouse, U.S. D.C Southern District of Florida , Florida, this 4th day of

June _____ 2008 .

STEVEN M. LARIMORE
Court Administrator • Clerk of Court

By: _____
/s/ Ahlai Israel
Deputy Clerk

---

**Please acknowledge receipt of this transfer by returning a time-stamped copy of this Notice to:**

United States District Court
Southern District of Florida

**Received By:** _____

**New Case No.** _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-21340-CIV-GOLD/WHITE
(90-577-1-CR)

# F I L E D

JUN 1 7 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DUANE OLSON,

      Movant,

v.

JORGE PASTRANA, WARDEN,

      Respondent.                         /

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; CLOSING CASE

THIS CAUSE comes before the Court on the Report and Recommendation [DE 3] issued by Magistrate Judge White on May 15, 2008 on Petitioner's Motion for Writ of Habeas Corpus [DE 1]. Petitioner requests his conviction for various drug offenses, see Case No. 90-577-1-CR, be vacated under a claim of factual innocence.

In the Report, Magistrate Judge White concludes that the Northern District of Illinois, Eastern Division, where Petitioner's conviction was originally entered, is the proper venue for Petitioner's motion. See 28 U.S.C. 2255 (e) (2008). Magistrate Judge White therefore recommends transferring this case to the Northern District of Illinois for resolution. Report at p. 2.

In his Objection to the Report and Recommendation [DE 5], Petitioner acknowledges having "no Objection to the Magistrate's Recommendation that this case be transferred to the United States District Court for The [sic] Northern District of Illinois, Eastern Division . . . ." Id. at p. 10 (internal quotation omitted).

Having reviewed the Motion and the Report, and noting that Petitioner does not object to the recommended transfer of venue in his Objection, I hereby adopt Magistrate

08CV3505
JUDGE LEINENWEBER
MAGISTRATE JUDGE COX

Judge White's Report. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

1.  The Report and Recommendation [DE 3] is ADOPTED.

2.  Petitioner's Motion for Writ of Habeas Corpus [DE 1] is TRANSFERRED to the

    Northern District of Illinois.

3.  The Clerk of Court is instructed to CLOSE this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this ⁴ day of June, 2008.


                                        _____
                                        THE HONORABLE ALAN S. GOLD
                                        UNITED STATES DISTRICT JUDGE


Copies furnished to:
U.S. Magistrate Judge Patrick A. White
All counsel of record

Certified to be a true and
correct copy of the document on file
Steven M. Larimore, Clerk,
U S District Court
Southern District of Florida

Deputy Clerk
Date



FILED
JUN 17 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CASREF, CLOSED, HABEAS, PAW

**U.S. District Court**
**Southern District of Florida (Miami)**
**CIVIL DOCKET FOR CASE #: 1:08-cv-21340-ASG**
**Internal Use Only**

Olson v. Federal Correctional Institution
Assigned to: Judge Alan S. Gold
Referred to: Magistrate Judge Patrick A. White
Cause: 28:2241 Petition for Writ of Habeas Corpus (Federal)

Date Filed: 05/07/2008
Date Terminated: 06/04/2008
Jury Demand: None
Nature of Suit: 555 Habeas Corpus (Prison Condition)
Jurisdiction: U.S. Government Defendant

**Petitioner**

**Duane R. Olson**

Certified to be a true and
correct copy of the document on file
Steven M. Larimore, Clerk,
U.S. District Court,
Southern District of Florida
By _____
Deputy Clerk
Date _____

represented by **Duane R. Olson**
04931-424
Federal Correctional Institution
Unit C
PO Box 779800
Miami, FL 33177-0200
PPP
PRO SE

**Respondent**

**Federal Correctional Institution**
*Mr. Jorge Pastrana, Warden*

represented by **Noticing 2241 US Attorney**
Email: usafls-2255@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

08CV3505
JUDGE LEINENWEBER
MAGISTRATE JUDGE COX

| Date Filed | # | Docket Text |
|---|---|---|
| 05/07/2008 | 1 | PETITION for Writ of Habeas Corpus Pursuant to 28 USC 2241 ; no fee paid, filed by Duane R. Olson.(lh) (Entered: 05/07/2008) |
| 05/07/2008 | 2 | Clerks Notice Referring Case to Magistrate Judge Patrick A. White (lh) (Entered: 05/07/2008) |
| 05/15/2008 | 3 | REPORT AND RECOMMENDATION TRANSFER OF VENUE on 28 USC 2255 case. Recommending that this case be transferred to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. 1631.Objections to R&R due by |

| | | 5/30/2008.Signed by Magistrate Judge Patrick A. White on 05/15/08.(tw) (Entered: 05/15/2008) |
|---|---|---|
| 05/20/2008 | ○4 | MOTION to move the Court to Act re 1 Petition for Writ of Habeas Corpus by Duane R. Olson. (ail) (Entered: 05/20/2008) |
| 05/28/2008 | ○5 | OBJECTION to 3 Report and Recommendations by Duane R. Olson. (ail) (Entered: 05/28/2008) |
| 06/04/2008 | ○6 | ORDER ADOPTING REPORT AND RECOMMENDATIONS for 3 Report and Recommendations. Case Closed and Transfered to USDC of Illinois.. Signed by Judge Alan S. Gold on 6/4/08. (ail) (Entered: 06/04/2008) |
| 06/10/2008 | ⬤○7 | MOTION Motion to Move the Court to Answer re 1 Petition for Writ of Habeas Corpus by Duane R. Olson. (ail) (Entered: 06/11/2008) |
| 06/12/2008 | ○8 | Transmittal Letter Sent, To: United State District Court of Illinois (ail) (Entered: 06/12/2008) |

FILED by _____ D.C.

ELECTRONIC

**May. 7, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

## 08-21340-CIV-GOLD/WHITE

DUANE R. OLSON,

              Applicant/Prisoner,

Versus

MR. JORGE PASTRANA, WARDEN,

Representing,

THE UNITED STATES OF AMERICA,

              Respondent/Defendant.

**REGISTERED MAIL**
7006 0810 0004 9229 4163
**RETURN RECEIPT REQUESTED**

**CIVIL ACTION:** _____

AN APPLICATION FOR

WRIT OF HABEAS CORPUS RELIEF

Pursuant To The Provisions In

Title 28, United States Code, Section **2241(c)(3).**

Respectfully Submitted,

Applicant/Prisoner — _Duane R. Olson_ (pro-se)
Reg. No: 04931-424
P.O. Box 779800 Unit "C"
Federal Correctional Institution
Miami, Florida 33177-0200

**cat/div** _Dade Co./ 2241_
Case # _O8CV21340_
Judge _ASG_ Mag _PAW_
Motn Ifp _NO_ Fee pd $ _0_
Receipt # _____

## A F F I D A V I T  and  D I S C L A I M E R

I, DUANE R. OLSON, do hereby Swear and Certify, under the pain and penalty for perjury, Prescribed in Title 28, United States Code, Section 1746;

That I am an Individual and Citizen of the Sovereign State of Florida, and NOT subject to any real, imaginary, or quasi **statutory regulations** Enacted by the Ninety-First Congress, Enforced by the Executive Branch, and Punished by the Judicial Branch, of the FEDERAL CORPORATION and GOVERNMENT of the UNITED STATES of AMERICA;

That as an Individual, I Stand Upon My Rights such as Existed by Common Law long antecedent to the Organization of the Republic of the United States of America, and;

I Stand Upon My Constitutional Rights Guaranteed by the Original Ten (10) Articles of Amendment thereto; that My Common Law Rights can ONLY be "taken-away" from Me by "due process of law" and in accordance with the Constitution.

Further . . .

That I have **NEVER** Signed A N Y Contract or other Obligation with the Attorney General of the United States, or the DRUG ENFORCEMENT AGENCY (**DEA**) of the United States Department of Justice, that would bind Me to the "**regulatory-jurisdiction**" Elements of the **DEA'S** DIVERSION CONTROL PROGRAM, FORM 224A, (See **-iii-**) of

AFFIDAVIT and DISCLAIMER   (Continued)

Public Law: 91-513, THE COMPREHENSIVE DRUG ABUSE and PREVENTION
ACT of 1970, Short Title, CONTROLLED SUBSTANCE ACT, (CSA), Cod-
ified and Amended to the FOOD and DRUGS ACT as Title 21, United
States Code, Section(s) 801., et., al., and;

Finally . . .

     That I have never Surrendered  A N Y  of My Sovereign, Personal,
or "[u]nalienable Rights" to the Central Government of the Republic
of the United States of America.

Executed on this ___1ST___ day of ___May_____, 200_8_.

                    Affiant _____
                            Duane R. Olson   (pro-se)
                            Reg. No:  04931-424
                            P.O. Box 779800   Unit "C"
                            Federal Correctional Institution
                            Miami, Florida  33177

-ii-



# DIVERSION CONTROL PROGRAM
## DEA FORM 224A

| HELP | 3. State Licenses |
|------|-------------------|
| Federal registration by DEA is based upon the applicant being in compliance with applicable state and local laws. Applicants should contact the local state licensing authority prior to completing this application. If your state requires a separate controlled substance license, provide the number.<br><br>**General Instructions.** | All applicants are required to answer the following:<br><br>Are you currently authorized to prescribe, distribute, dispense, conduct research, or otherwise handle the controlled substances in the schedules for which you are applying under the laws of the state or jurisdiction in which you are operating or propose to operate?<br><br>**\* State License**<br><br>⌐ Yes<br><br>State License No. ████████<br><br>**State Controlled Substance License**<br><br>⌐ Yes<br><br>State Controlled Substance No. |

*Fields with a (\*) are required.*

 



NOTE HEADING:   "DIVERSION CONTROL PROGRAM"

-iii-

ILL-N(CHICAGO) 05/16/92        *** GRID 015 ***

CR-90-00577-01        PAGE 4

US-V-OLSON, ET AL

PROCEEDINGS

11  Filed appearance of DEUTSCH, MICHAEL as attorney for
defendant (DKt'd 07/09/90).

15  Motion by government filed          (MOT#I) (Government's
motion for revocation of release orders.) (DKt'd 07/11/90).

16/90  18  Motion by government granted      (MOT#I) (Government's
emergency motion for revocation of release orders continued
from July 6, 1990 is granted. Defendant's are hereby
ordered detained before trial.) (JUDGE LINDBERG) (DKt'd
07/18/90).

18  Bail not allowed (Defendant's are hereby ordered detained
pending trial.) (JUDGE LINDBERG) (DKt'd 07/18/90).

19  Filed transcript of proceedings for 07/03/90 (1 vol.)
(DKt'd 07/23/90).

20  Order filed (Draft. Enter detention order: defendants
Duane R. Olson and George A. Morris, shall be committed to
the custody of the Attorney General for confinement in a
corrections facility separate, to the extent practicable, in
from persons awaiting or serving sentences or being held in
custody pending appeal. The defendant shall be afforded
reasonable opportunity for private consultation with
counsel, and on order of a Court of the United States, or
on request of the attorney for the government, the person
in charge of the corrections facility in which the defendant
are confined shall deliver the defendants to a U.S. Marshal
for the purpose of an appearance in connection with a court
proceeding.) (JUDGE LINDBERG) (DKt'd 07/26/90).

23  Case assigned 07/27/90.
Filed indictment (DKt'd 07/27/90). (CHIEF JUDGE
MORAN) (DKt'd 07/27/90) Bail not allowed (Detained by Magistrate.)
- Filed criminal designation sheet. (fel. cat. II). (DKt'd
07/27/90).

24  Arraignment and plea set for 07/30/90 @ 10:00 AM (Counts 1,
2,3) (DKt'd 07/27/90).

25  Arraignment and plea reset to 07/31/90 @ 10:00 AM (Counts 1,
2,3) (JUDGE ZAGEL) (DKt'd 08/01/90).

26  Arraignment held (Counts 1,2,3) (JUDGE ZAGEL) (DKt'd
08/03/90). Defendant's first appearance (JUDGE ZAGEL) (DKt'd 08/03/90).

Case assigned to JUDGE ZAGEL (Magistrate Lefkow designated.)

-iv-

ACTIVE CRIMINAL DOCKETS    ILL-N(CHICAGO) 06/16/92    *** GRID #16 ***

CR-90-00577-01    US-V-OLSON, ET AL    CR-90-00577-01    PAGE 10

| | PROCEEDINGS |
|---|---|
| 04/26/91 91 | Trial held-jury (Counts 1,2,3) (JUDGE ZAGEL) (dkt'd 05/01/91). |
| 91 | Trial adjourned to 05/01/91 @ 8:30 AM (Counts 1,2,3) (JUDGE ZAGEL) (dkt'd 05/01/91). |
| 05/03/91 91 | Jury (JUDGE ZAGEL) (dkt'd 05/01/91) is directed to PAY for fourteen jurors. One Order filed (the clerk of court is directed to PAY for fourteen jurors, coffee, rolls, juice and chips for thirteen jurors. (JUDGE ZAGEL) (dkt'd juror excused due to illness.) (JUDGE ZAGEL) (dkt'd 05/01/91). 05/01/91). |
| 91 | Trial held-jury (Counts 1,2,3) (Both sides rest.) (JUDGE ZAGEL) (dkt'd 05/07/91). |
| 05/02/91 92 | Trial adjourned to 05/07/91 @ 10:00 AM (Counts 1,2,3) (JUDGE ZAGEL) (dkt'd 05/07/91). |
| 92 | Jury (JUDGE ZAGEL) (dkt'd 05/07/91) is directed to PAY for fourteen jurors. Order filed (the clerk of court is directed to PAY for thirteen jurors, coffee, rolls, juice and chips for thirteen jurors. (JUDGE ZAGEL) (dkt'd 05/07/91). |
| 05/01/91 92 93 | Trial held-jury (Counts 1,2,3) (closing arguments made. Jury instructed and deliberations begin. Alternate juror discharged.) (JUDGE ZAGEL) (dkt'd 05/07/91). Order filed (the clerk of court is directed to PAY for coffee, rolls, juice and chips for thirteen jurors. (JUDGE ZAGEL)' (dkt'd 05/07/91). |
| 07/02/91 93 | Trial held-jury (Counts 1,2,3) (JUDGE ZAGEL) (dkt'd 05/07/91). |
| 94 | Order filed (the clerk of court is directed to PAY for coffee) and rolls for twelve jurors. (JUDGE ZAGEL) (dkt'd 05/07/91). |
| 95 | Trial held-jury (Counts 1,2,3) (JUDGE ZAGEL) (dkt'd 05/07/91). |
| 95 | Jury instructions (given). (JUDGE ZAGEL) (dkt'd 05/07/91). |
| 08/06/91 96 | Trial ends-jury (Counts 1,2,3) (JUDGE ZAGEL) (dkt'd 05/07/91). |
| 96 | Jury verdict of guilty (Counts 1,2,3) (JUDGE ZAGEL) (dkt'd 05/07/91). |
| 96 | Order cause referred to the probation department for a pre-sentence investigation (Counts 1,2,3) (JUDGE ZAGEL) (dkt'd 05/07/91). |
| 96 | Order filed (Counts 1,2,3) (JUDGE ZAGEL) (dkt'd 05/07/91). |
| 96 | Court judgment of guilty (Counts 1,2,3) (JUDGE ZAGEL) |
| 96 | Post-trial motions to be filed on or before 05/24/91 (Counts 1,2,3) (dkt'd 05/07/91). |
| 96 | Sentencing set for 08/13/91 @ 2:00 PM (Counts 1,2,3) (order defendants detailed.) (JUDGE ZAGEL) (dkt'd 05/07/91). |
| 08/07/91 100 | Sentencing reset to 09/10/91 (Counts 1-3) (JUDGE ZAGEL) |
| 101 | Motion filed (MQ1#24) (for an adjudication of legal evidence on factual issues involved, with notice of filing |

ACTIVE CRIMINAL
CR-90-00577-01

| | |
|---|---|
| 06/27/90 | 1 |
| | 5 |
| | 5 |
| | 5 |
| 07/03/90 | 8 |
| | 9 |
| | 5 |
| | 5 |
| 12/10/90 | 14 |
| 02/01/91 | 5 |
| 02/15/91 | 5 |

ACTIVE CRIMIN

ACTIVE CRIMINAL DOCKETS          ILL-N(CHICAGO) 05/16/92          *** GRID G16 ***

CR-90-00577-01   US-V-OLSON, ET AL          CR-90-00577-01   PAGE 11

PROCEEDINGS

08/13/91  102   Sentencing reset to 09/10/91 @ 2:00 PM (Counts 1,2,3) (JUDGE
                ZAGEL) (Dkt'd 08/22/91).

09/10/91  106   Sentencing reset to 09/11/91 @ 11:30 AM (Counts 1,2,3)
                (JUDGE ZAGEL) (Dkt'd 09/20/91).

09/11/91  107   Order filed (defendant's motion for finding of governmental
                misconduct.) (JUDGE ZAGEL) (Dkt'd 09/25/91).
          109   Motion made in open court for appointment of counsel.
                (MOT#26) (Gregory Schlesinger-motion is continued until
                Sentencing order or more.) (JUDGE ZAGEL) (Dkt'd 10/02/91).
>>>>>>10        Sentencing of defendant (Counts 1-3) (The sentence
                imposed pursuant to the Sentencing Reform Act of 1984. It
                is ordered that the defendant shall pay a special
                assessment of $150.00, for count 1, which shall be
                due immediately. The defendant is hereby committed to the
                custody of the United States Bureau of Prisons to be
                imprisoned for a term of THREE HUNDRED TWENTY-FOUR (324)
                MONTHS. Said term of imprisonment to be served
                concurrently on each counts 1,2 and 3. The defendant is
                remanded to the custody of the United States marshal. Upon
                release from imprisonment, the defendant shall be on
                supervised release for a term of TEN (10) YEARS on each of
                counts concurrently. Said term of supervised release to be
                served concurrently. Statement of Reasons.) (JUDGE ZAGEL)
                (Dkt'd 10/02/91).

09/17/91  112   Filed notice of appeal (counts 1-3) (APPL#1) (Dkt'd
                10/02/91).
          113  -Filed 9/17/91 jurisdictional statement. (Dkt'd 10/02/91).

09/24/91  115   Motion filed (MOT#27) (for confinement within the
                Northern District of Illinois, with notice of filing
                attached.) (Dkt'd 10/02/91).

09/25/91  116   Issued judgment and commitment to U.S. Marshal (Counts 1-3)
                (Dkt'd 10/02/91).

10/03/91  116   Notice of appeal and docket entries transmitted to USCA
          117   (APPL#1) (Dkt'd 10/05/91).
                -(Appeal#1) (filed letter mailed to appellant regarding
                Circuit Rule 3(c).) (Dkt'd 10/03/91).

10/07/91  120   U.S. Court of Appeals docket number (91-3269) (Dkt'd
                10/09/91).

## AN EXTRAORDINARY REQUEST

FOR AN IN CAMERA INSPECTION AND INVESTIGATION,
by
UNITED STATES DISTRICT COURT JUDGE,
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION,
THE HONORABLE **JAMES B. ZAGEL**

———————————————

April 17, 2008

**REGISTERED   MAIL**
7004 2890 0002 3348 1328
**RETURN RECEIPT REQUESTED**

Subject:   DUANE R. OLSON/CRIMINAL CASE NO:   90-cr-577

Your Honor;

I don't know if this procedure is acceptable jurisprudence or not, however, **extraordinary** circumstances require **extraordinary** action, and I believe I have 'discovered', for the want of a better word, a **fatal flaw** in the "due process" Requirements of the Fifth and Sixth Amendment "Rights" of . . . **'any person'** . . . accused by the Government of the United States, to be;  "[i]n violation of Title 21, United States Code, Section **841(a)(1)**".

**I F** My **'discovery'** is correct, it will be a Matter of National Interest and Concern for hundreds of thousands of Men and Women from nearly every Nation on this Planet, with the potential at least, of self-elevating to A MATTER OF NATIONAL SECURITY!

While I have little Sympathy for the "MOVERS and SHAKERS", from the Executive and Judicial who Constructed this **F R A U D** I am . . . none-the-less . . . a Patriot who Loves this Still Young Republic **"WE"** like to call America . . .

**THEREFORE . . .**

-vii-

AN EXTRAORDINARY REQUEST
For U.S. District Court Judge,
The Honorable, **JAMES B. ZAGEL**



    I am Offering My 'discovery' for Your Honor's Inspection and Investigation, to determine whether or not My WRIT of HABEAS CORPUS Ought to be filed in Open Court, or "kicked up-stairs" first . . . for damage control . . .

    Receiving **NO** Response from Your Honor's Chambers by May 1, 2008, I will Presume Your Honor to have NO Interest and I will proceed to Engage the Legal Talents of a well Respected Post-Conviction Attorney.

    I trust this letter will be Interpreted with the same Sincere Consideration that went into its Construction.

Respectfully,

Duane R. Olson
Reg. No: 04931-424
P.O. Box 779800 Unit "C"
Federal Correctional Institution
Miami, Florida 33177-0200

-viii-

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com.

JUDGE ZAGEL OFFICIAL USE

Postage $

2008 MAR 27 AM 7:14
Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees  $

Postmark
Here

Sent To
**DUANE R. OLSON  UNIT "C"**
Street, Apt. No.;
or PO Box No.      **REG. NO: 04931-424**
City, State, ZIP+4

7004 2890 0000 8448 1358

THE HONORABLE JAMES B. ZAGEL,
U.S. DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
219 SOUTH DEARBORN STREET
CHAICAGO, ILLINOIS 60603

## OPENING STATEMENT

**COMES NOW, DUANE R. OLSON,** (hereafter-Olson) in propria persona and want of Competent Counsel, to Respectfully File this Application for Habeas Corpus Relief Pursuant to Title 28, United States Code, Section **2241(c)(3),** which states in relevant part;

> **"(c)** The writ of habeas corpus shall not extend to a prisoner unless —
>
> **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States;"

On September 11, 1991, In United States District Court for the Northern District of Illinois, Eastern Division, Chicago, United States District Court Judge, The Honorable **JAMES B. ZAGEL** Presiding;

**1).** The Court did Impose a term of **324-months** in federal prison without parole, followed by Ten **(10)** years Supervised Release, **2).** "[f]or an act of Congress", **3).** "[i]n violation of the Constitution", **4).** In violation of the "[l]aws of the United States", **5).** In violation of Olson's Fifth and Sixth Amendment Rights, **6).** In violation of American Jurisprudence Practiced in this Nation for over 200-years, **7).** Repugnant to the Framer's Intent, **8).** For Conduct **N E V E R** Admitted by Olson and **N E V E R  F O U N D** or **A U T H O R I Z E D** by a jury of Olson's peers.

**-1-**

Olson's Theory of Constitution Law and Strategy of Argument Presented hereafter, is "[s]o novel that its legal basis is not reasonably available to counsel" (Reed v. Ross; 82 L Ed 2d 1) yet, It is a "STANDARD" of American Criminal Jurisprudence Practiced in this Nation for over 200-years.

Olson will rely on His Perpetual Protections Secured in the language of the Constitution for the United States, Guaranteed by the Original Ten (10) Articles of Amendment thereto, and Adjudicated Facts Opined by the Supreme Law of the Land, Supported by the prima facia evidence of Official Government documents, and District Court Records and transcripts hereto attached;

To prove "beyond a reasonable doubt", and to this Court's Complete Satisfaction, that Olson has been Convicted of Conduct "[t]hat the law (standing alone) does not make criminal" Davis v. U.S.; 41 L Ed 2d 109 (1974) and Sentenced to a term of **324-months** in federal prison...without parole...for Conduct **N E V E R** admitted, **N E V E R** FOUND, or **N E V E R** AUTHORIZED by a jury of Olson's peers . . .

**THEREFORE . . .**

IF Olson was "presumed-innocent" until every element necessary to constitute the punishment prescribed in Title 21, United States Code, Section **841(b)** for; "[a]ny person who violates subsection (a) of this section" is proven . . . "beyond a reasonable doubt"; Then . . .

-2-

Olson **remains** procedurally, legally, constitutionally, actually, and factually . . . **I N N O C E N T** . . . of the **'crime'** for which the District Court Imposed a term of **324-months** in federal prison **nearly 18 years ago!**

"In other words, [Olson] contends that the Record reveals that neither he, nor his counsel, nor the Court, Correctly understood the essential elements of the crime" for which the Court Imposed Punishment. Bousley v. U.S.; 140 L Ed 2d 828 @ 837 (1998).

## JURISDICTION

Jurisdiction to Hear, Adjudicate, and Render an Opinion on Olson's Application for Habeas Corpus Relief, is Conferred upon this Court by Virtue of Title 28, United States Code, Section 2241(c)(3)., and . . .

"Petitioners in habeas corpus proceedings, as the Congress and this Court have emphasized, are entitled to careful consideration and plenary processing of their claims including full opportunity for presentation of the relevant facts." Harris v. Nelson; 22 L Ed 2d 281 @ 290 (1969).

Olson would Rely on Bousley v. United States; 140 L Ed 2d 828 (May 18, 1998) Quoting; Murray v. Carrier; 91 L Ed 2d 397, @ 413 **[9]** (June 26, 1986) Quoting; Engle v. Isaac; 71 L Ed 2d 7832 (1982), "However, as we also noted in Engle, '[i]n appropriate

-3-

cases' the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally **unjust incarceration'."** (Eph. added)

**Finally,** The Supreme's Promised that; "This Court has never held, however, that finality, standing alone, provides a sufficient reason for federal courts to compromise their protection of constitutional rights." <u>Reed v. Ross</u>; 82 L Ed 2d 1, @ 15.

Surely, the Ancient Principles of the Writ of Habeas Corpus Provide this Court with 'jurisdiction' to Investigate a federal prisoner's **'claim'** to be **innocent** of the 'crime' for which he is Imprisoned . . . and **I F** Olson is able to prove "beyond a reasonable doubt" and to this Honorable Court's Complete Satisfaction, that Olson is **actually** and **factually innocent** of the **'crime'** for which the district court Imposed Punishment, then, Olson is Confident that this Court will Act to Correct this...**manifest miscarriage of justice...**as "[l]aw and justice require".

°<sub>°</sub>°

### ?THE QUESTION?

**I F  it is  TRUE** . . . that a defendant in a federal criminal prosecution is "presumed-innocent", until "[a]ll the **'elements'** necessary to constitute the offence intended to be punished" are proved "beyond a reasonable doubt" . . .

Does a federal prisoner, (herein Identified as **DUANE R. OLSON**) . . . **remain** . . . procedurally, legally, constitutionally, actually, and factually . . . **I N N O C E N T** . . . of the **'sentencing-element'** of an offence **NEVER** Charged by Indictment, **NEVER** Denied by Olson. **NEVER** Admitted by Olson, **NEVER** proved by the prosecution, **NEVER** Charged in the Jury Instructions, and **NEVER** **F O U N D** or **A U T H O R I Z E D** by a jury of Olson's peers?

°°°

–5–

## AFFIDAVIT and STATEMENT OF FACT(S)
### in
## CRIMINAL CASE NO:  90 CR 577

In the Early Evening of June 25, 1990, Olson was arrested by Federal Drug Enforcement Agents (**D E A**) at the EMBASSY SUITES HOTEL, Lombard, Illinois, (a suburb of Chicago) during a cocaine transaction with a **PAID** informant.

On July 26, 1990, the Government filed a THREE COUNT Indictment. (Id., @ **-iv-**., Dkt # 21)(**EXHIBITS [01]** thru **[05]**).

Since all THREE COUNTS of Olson's Indictment contain the same **fatal-flaw,** in the interest of brevity, Olson will use COUNT TWO, **EXHIBIT [04],** for this demonstration . . .

The SPECIAL APRIL 1990 GRAND JURY Charges:

### DUANE R. OLSON,
defendant herein, knowingly and intentionally did distribute and cause to be distributed approximately 250 grams of a mixture containing cocaine, a Schedule II Narcotic Drug Controlled Substance; In violation of Title 21, United States Code, Section **841(a)(1).**"

Section **841(a)(1)** of Title 21, is a **'negative'** statute that makes it; "[u]**nlawful** for any person knowingly or intentionally" to possess, manufacture, distribute, or dispense, controlled substances "**(a) Except as authorized by this subchapter**" Referencing the "**Authorized activities**" of Title 21, United States Code, Sec-

-6-

tion 822(b)., a **'positive'** statute that makes it **'lawful'** for; "Persons registered by the Attorney General" to possess, manufacture, distribute, or dispense, controlled substances..."[t]o the extent <u>**authorized by their registration**</u>".

Title 21, United States Code, Section **841(b)** Prescribes the **Penalties** for "[a]ny person who violates subsection **(a)** of this section . . ."

The **actus reus/mens rea** elements essential to be proved "beyond a reasonable doubt" by the prosecution to sustain a Conviction and Satisfy the "due process" Clause of Olson's Fifth Amendment "rights" and the "nature and cause of the accusation" Clause of Olson's Sixth Amendment "rights" are; **1).** to knowingly or intentionally possess, manufacture, distribute, or dispense, a substance known to be controlled, **2).** <u>**in a manner not authorized**</u>.

Careful Examination and Analysis of Olson's THREE COUNT Indictment at **EXHIBITS** [01-02-03-04-05] reveal that the SPECIAL APRIL 1990 GRAND JURY **failed** to **'inform'** Olson, "[w]ith reasonable certainty of the **'nature'** of the accusation against him [and] without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished". <u>Russell v. U.S.</u>; 8 L ed 2d 240)(<u>U.S. v. Cruikshank</u>; 23 L ed 588 @ 593)(<u>U.S. v. Simmons</u>; 24 L ed 819, 820)(<u>U.S. v. Carll</u>; 26 L ed 1135).

It is interesting to note, that from Oct. 26, 1981, <u>Outler</u>; 659 F 2d 1306 until July 29, 1998, <u>Steele</u>; 147 F 3d 1316 and for

-7-

a period of **17-years**, the Eleventh Circuit Opined;

> "We now conclude that this element [**Except as authorized**] is essential to a charge of the offense * * * here the element embodies the culpability of the offense * * * without behavior beyond professional practice, THERE IS NO CRIME." (Emphasis added)

While the Circumstance of Dr. Outler and the Pharmacist Mr. Steele relative to the **Burden of proof exemption** (21 U.S.C. § 885) may have Changed the Opinion of the Eleventh Circuit over those **17-years**, the essential elements of a "Complete-Crime" in the language of the Statute, Section **841(a)(1) DID NOT** and furthermore . . . **Olson is not a registrant!** (See Id., @ **-i-ii-**)

At any rate, **N O** reasonable thinking person from the Legal Community would _ever_ Champion an Argument that Congress has any Power to "take-away" Olson's Perpetual Protection(s) Secured by the Constitution and Guaranteed by the Original Ten Articles of Amendment thereto.

"It is difficult to imagine a case in which an indictment's insufficiency resulted so clearly in the indictment's **failure** to fulfill its primary office — to inform the defendant of the nature of the accusation against him." Russell v. U.S.; 8 L ed 2d 240 @ 252

**Unaware** of the **TRUE 'nature'** of His "crime", Olson went to trial with the Chief Issue . . . **undefined** . . . and a **failed defense** of "entrapment"!

-8-

On May 2, 1991, (Dkt # 93, Id., @ **-v-**) and after closing arguments by both sides, the "JURY INSTRUCTIONS" were read by the Court and directed to the jury of Olson's peers; **EXHIBITS [06]** thru **[14]** and in relevant part hereafter;

**Court:** "It is your duty to follow these instructions. You must not question any rule of law stated by me in these instructions."

**Olson's Comment:** During the jury selection phase, Olson recalls no jurer interviewed and selected to have claimed any legal knowledge.

**Court:** "In Count 2 of the indictment Duane Olson is charged with the distribution of cocaine. Title 21, United States Code, Section **841(a)(1).**, provides in pertinent part;"

> "It shall be unlawful for any person knowingly or intentionally to distribute or dispense a controlled substance." **EXHIBIT [10][11]**

**Comment:** Here, the Court's "truncated-version" of the Statute, Section **841(a)(1).**, **ORALLY** 'amends' a Congressionally enacted Statute to make it; **"[u]nlawful"** for Olson, a Practitioner, a Pharmacist, or **any person\*** to "[k]nowingly or intentionally distribute or dispense a controlled susbstance".

---

**\*** **any person** ── as used with the asterisk**\*** hereafter, means **any person** at random, Citizen or Foreign National, within the boundries of the United States, its Territories, and/or Possessions.

**Court:** "In Count 3 of the indictment defendant Duane Olson [is] charged with possession of cocaine with the intent to distribute. Title 21 of the United States Code provides in pertinent part;"

> "It shall be unlawful for any person* knowingly and intentionally to distribute or dispense***a controlled substance." **EXHIBIT [12]**

**Comment:** **I T  D O E S  N O T !** Here, the Court **ORALLY 'fabricates'** the Congressionally Enacted Statute, Section **841(a)(1).**, to Support the Indictment's "IMPLICATION" that Olson's Conduct is. . . **UNLAWFUL** . . . a class-room/text-book Example of; THE DOCTRINE of CONSTRUCTIVE IMPLICATION!

In <u>Bousley v. U.S.</u>; 140 L Ed 2d 828, @ 839, Quoting <u>Davis v. U.S.</u>; 41 L Ed 2d 109, <u>U.S. v. Lanier</u>; 137 L Ed 2d 432, and <u>U.S. v. Hudson</u>; 7 Cranch 32, 3 L Ed 259 (1812) the Supreme Court said; "For under our federal system it is only Congress, and not the courts, which can make conduct criminal."

"If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the Constitution says 'no person shall be held to answer', may be frittered away until its value is almost destroyed." <u>Ex parte Bain</u>; L ed 849, <u>U.S. v. Norris</u>; 74 L ed 1076 <u>Stirone v. U.S.</u>; 4 L ed 2d 252.

-10-

**Court:** "I instruct you now that you are not to begin deliberat- ions under any circumstances until that time that you receive from the Marshal the <u>written instructions which I've just read...</u>" EXHIBIT [14]

**Comment:** NOW, the Court has **Memorialized in Writing** the Court's **'fabricated-version'** of the Statute, Section **841(a)(1)** to **IMPLY** and **COMPLY** with the Indictment's **'truncated-version'** that Olson's Conduct is . . . **U N L A W F U L !**

With the Court's threat "not to question * * * the written instructions which I've just read" . . . not Surprisingly . . . the jury "followed" the Court's Instructions and used the "[f]irst verdict form" to "[f]ind the defendant, DUANE R. OLSON, guilty as Charged in the indictment" . . . that is to say . . . the jury **FOUND** Olson **GUILTY** of Conduct that <u>**NO federal law makes a crime**</u> <u>**or prescribes punishment for** . . . but . . . **the Court did both!**</u> EXHIBIT ]14]

On September 11, 1991, In United States District Court for the Northern District of Illinois, Eastern Division, Chicago, District Court Judge, The Honorable **JAMES B. ZAGEL**, Presiding, Imposed a Term of **324-months** Imprisonment plus **10-years** Super- vised Release upon Olson; **EXHIBITS [15]** thru **[19]**, for Conduct **F O U N D** by Olson's jury, to be; "[i]n violation of Title 21, United States Code, Section 841(a)(1)" . . .

Pursuant to the **Penalties** Prescribed in Title 21 USC **§ 841(b)** "[f]or any person who violates subsection **(a)** of this Section",

**-11-**

Referencing § 841(a) "(a) Except as authorized by this subchapter," Referencing; § 822(b); which makes it **'lawful'** for Persons "[i]n compliance with State and Local Laws" and registered with the Attorney General, to possess, manufacture, distribute, or dispense, controlled substances "[t]o the extent **'authorized'** by their registration" Referencing; § 821 for "[r]egulated persons and of regulated transactions". (Id., @ **-iii-**)

I F it's **TRUE** that the defendant in a criminal prosecution is **'presumed-innocent'** until; "[a]ll the elements necessary to constitute the offence intended to be punished" are proved "beyond a reasonable doubt", then the Official Government Documents Presented to the Court herein, furnish the Court with the Indisputable and **UN**-questionable prima facia Evidence, that Olson is Serving a **324-month** Term of Imprisonment for a **"CRIME"** . . . **NEVER** Charged by the Government's lawyers . . . **NEVER** Charged by the Grand Jury's Indictment . . . **NEVER denied** by Olson . . . **NEVER Admitted** by Olson . . . **NEVER** proved "beyond a reasonable doubt" . . . **NEVER** Charged in the Jury Instructions and . . . **N E V E R  F O U N D** by a Jury of Olson's peers, thus, the Jury's Verdict alone **DOES NOT 'AUTHORIZE'** the Court's Sentence of **324-months** Imposed upon Olson!

I, **DUANE R. OLSON,** hereby Swear and Certify, under the Pains and Penalties Prescribed for Perjury in Title 28, United States Code, Section **1746.**, that the foregoing **AFFIDAVIT and STATEMENT of FACT(S)** in CRIMINAL CASE NO: 90 CR 577 are **TRUE and CORRECT.** Executed on this ___1ˢᵗ___ day of ___May___ ___ , 200_8_.

Applicant/Prisoner/Affiant —— _____
Duane R. Olson (pro-se)
Reg. No: 04931-424

-12-

## CONCLUSION

Olson believes He has Presented this Honorable Court with a Convincing and Conclusive Argument Supported by Official Government Documents, Court Records, and Court Transcripts, that Olson has Served nearly **18-years** of a **27-year** Sentence in Federal Prison for a "CRIME" N E V E R "NOTICED" by the Prosecutors, the SPECIAL APRIL 1990 GRAND JURY, Olson's Counsel, Olson, the District Court, nor . . . the jury of Olson's peers, and . . . **T H E R E F O R E** . . . Olson **DECLARES** that He is procedurally, legally, constitutionally, actually, and factually . . . **I N N O C E N T** . . . of the "CRIME" for which Olson is now Imprisoned, and . . .

**IF** this United States District Court for the Southern Distraict of Florida, Miami Division, Intends to Remain **TRUE** to the Framer's Intent to "[f]orm a more perfect Union, establish Justice ✳ ✳ ✳ and secure the Blessings of Liberty to ourselves and our Posterity", then Olson would Invite this Court to Carefully Scrutinize Olson's **DECLARATION** of **I N N O C E N C E** and ACT Accordingly . . . as "[l]aw and justice require".

°₀°

-13-

## AN APPLICATION FOR
## WRIT OF HABEAS CORPUS RELIEF

The Applicant and Prisoner herein Identified as DUANE R. OLSON, Respectfully Request's this Honorable Court;

**1).** To **ISSUE an O R D E R** for the Government's lawyer(s) to SHOW CAUSE **WHY** Olson should **N O T** be released from **IL**-legal, **UN**-constitutional and **F A L S E** Imprisonment forthwith, and further;

**2).** Award whatever other Benefits this Honorable Court deems to be Appropriate and Equitable for **18-years** of **IL**-legal and **UN**-constitutional **F A L S E Imprisonment!**

Respectfully Submitted,

Applicant/Prisoner ——

Duane R. Olson  (pro-se)
Reg. No:  04931-424
P.O. Box 779800  Unit "C"
Federal Correctional Institution
Miami, Florida  33177-0200

-14-

## CERTIFICATE OF SERVICE

I, **DUANE R. OLSON**, hereby Swear and Certify, Pursuant to the Penalties Prescribed for Perjury in Title 21 U.S.C. **§ 1746**, that a **TRUE and CORRECT** Copy of the foregoing Fourteen (14) pages of this Application for Habeas Corpus Relief, was mailed First Class, Postage Pre-paid, to the following Interested Party(s);

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
COURTHOUSE SQUARE
301 NORTH MIAMI AVENUE
MIAMI, FLORIDA  33128-7788

UNITED STATES ATTORNEY
99 N.E. 4th STREET
MIAMI, FLORIDA  33132

Executed on this _____ day of _May_____, 200___.

Prisoner/Affiant —

Duane R. Olson  (pro-se)
Reg. No:  04931-424
P.O. Box 779800  Unit "C"
Federal Correctional Institution
Miami, Florida  33177-0200

-15-

IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DUANE R. OLSON,

          Applicant/Prisoner,

Versus

MR. JORGE PASTRANA, WARDEN,
Representing,
THE UNITED STATES OF AMERICA,

          Respondent/Defendant.

**REGISTERED MAIL**
7006 0810 0004 9229 4163
**RETURN RECEIPT REQUESTED**

**CIVIL ACTION:**_____

# E X H I B I T S

| EXHIBIT | | | | | | PAGE |
|---|---|---|---|---|---|---|
| INDICTMENT | * | * | * | * | * | * [01] THRU [05] |
| JURY INSTRUCTIONS | * | * | * | * | * | [06] THRU [14] |
| COURT'S SENTENCE | * | * | * | * | * | [15] THRU [16] |
| JUDGMENT & COMMITMENT | * | * | * | * | * | [17] THRU [18] |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUL 26 1990

ZAGEL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 90 CR 577 |
| | ) | Violations: Title 21, |
| DUANE R. OLSON, | ) | United States Code, |
| also known as Duke, | ) | Sections 846 and 841(a)(1), |
| (hereinafter in this indictment | ) | and Title 18, United |
| referred to only as | ) | States Code, Section 2 |
| Duane R. Olson), and | ) | |
| GEORGE A. MORRIS | ) | |

COUNT ONE

The SPECIAL APRIL 1990 GRAND JURY charges:

1.    From on or about January 30, 1990, until on or about June 26, 1990, at Chicago and Lombard, in the Northern District of Illinois, Eastern Division, and elsewhere:

DUANE R. OLSON and
GEORGE A. MORRIS,

defendants herein, did conspire with each other and with others unknown to the Grand Jury, knowingly and intentionally to possess with intent to distribute and to distribute approximately 17 kilograms of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

2.    It was part of the conspiracy that defendants DUANE R. OLSON and GEORGE A. MORRIS, possessed with the intent to distribute and distributed quantities of mixtures containing cocaine.

3.    It was further part of the conspiracy that on or about June 21, 1990, defendant DUANE R. OLSON distributed approximately

EXHIBIT [01]

250 grams of cocaine to another person (hereinafter "cooperating individual"), who was secretly cooperating with the United States Drug Enforcement Administration and was posing as a drug dealer, in exchange for $6,500 in cash.

4. It was further part of the conspiracy that on or about June 22, 1990, defendant DUANE R. OLSON met with the cooperating individual, and negotiated to sell the cooperating individual kilogram quantities of cocaine.

5. It was further part of the conspiracy that on or about June 22, 1990, defendant GEORGE A. MORRIS drove from the Northern District of Illinois to Florida to pick up kilograms of cocaine.

6. It was further part of the conspiracy that on or about June 25 and 26, 1990, defendant GEORGE A. MORRIS drove a car containing approximately 16 3/4 kilograms of cocaine from Florida to Lombard, Illinois.

7. It was further part of the conspiracy that on or about June 26, 1990, defendant DUANE R. OLSON and GEORGE A. MORRIS showed approximately 9 3/4 kilograms of cocaine to the cooperating individual.

8. It was further part of the conspiracy that on or about June 26, 1990, defendant GEORGE A. MORRIS, while in possession of the 9 3/4 kilograms of cocaine, met with the cooperating individual for the purpose of delivering the cocaine to the cooperating individual in exchange for $253,000.

9. It was further part of the conspiracy that on or about June 26, 1990, defendants DUANE R. OLSON and GEORGE A. MORRIS

2

**EXHIBIT [02]]**

possessed an additional quantity of cocaine, approximately seven kilograms, which they intended to sell at a later date.

10.   It was further part of the conspiracy that the defendants misrepresented, concealed and hid, and caused to be misrepresented, concealed and hidden, the purposes of and the acts done in furtherance of the conspiracy and used coded language, surveillance and counter-surveillance techniques, and other means to avoid detection by law enforcement authorities and otherwise to provide security to the members of the conspiracy.

In violation of Title 21, United States Code, Section 846.

EXHIBIT [03]]

## COUNT TWO

The SPECIAL APRIL 1990 GRAND JURY further charges:

On or about June 21, 1990, in the Northern District of Illinois, Eastern Division,

DUANE R. OLSON,

defendant herein, knowingly and intentionally did distribute and cause to be distributed approximately 250 grams of a mixture containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

4

EXHIBIT [04]

## COUNT THREE

The SPECIAL APRIL 1990 GRAND JURY further charges:

On or about June 26, 1990, at Lombard, in the Northern District of Illinois, Eastern Division,

> DUANE R. OLSON and
> GEORGE A. MORRIS,

defendants herein, knowingly and intentionally possessed with intent to distribute approximately 16 3/4 kilograms of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.


A TRUE BILL:


_____
F O R E P E R S O N


_____
UNITED STATES ATTORNEY


SPS:kjo

5

EXHIBIT [05]

CLERK'S FILE COPY
99-357

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
NOV 27 1991

UNITED STATES OF AMERICA,  )
)
FILED
NOV 27 1991
H. STUART CUNNINGHAM, Clerk
UNITED STATES DISTRICT COURT
)
)
) No. 90 CR 577
)
99-3574-T11
)
DONAL OLSON and GEORGE MORRIS,  ) Chicago, Illinois
) May 2, 1991
U.S.C.A. - 7th Circuit   Defendants.   ) 1:00 p.m.
FILED                   ) Trial

THOMAS F. STRUBBE
CLERK

U.S.C.A. - 7th Circuit
FILED
DEC - 2 1999 PMS
GINO J. AGNELLO
DOC. #        CLERK

VOLUME 6 - PM SESSION
TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JAMES B. ZAGEL, and a jury

APPEARANCES:

For the Government:      HON. FRED L. FOREMAN
                        United States Attorney, by
                        MR. RONALD E. SAFER
                        MS. JULIA E. GETZELS
                        Assistant United States Attorneys
                        219 South Dearborn Street
                        Chicago, Illinois 60604

RECEIVED
DEC 10 1992
H. STUART CUNNINGHAM
UNITED STATES DISTRICT COURT

For Defendant Olson:    MR. GREGORY SCHLESINGER
                        180 North LaSalle Street
                        Suite 1708
                        Chicago, Illinois 60601

For Defendant Morris:   MR. DANIEL G. MARTIN
                        MR. JOHN F. MURPHY
                        219 South Dearborn Street
                        Room 1142
                        Chicago, Illinois 60604

                        ___da L. Barnes
                        ___icial Court Reporter
                        ___ South Dearborn Street
                        ___te 1918
                        ___cago, Illinois 60604
                        ___ 435-5568

U.S. COURT OF APPEALS
Seventh Circuit
Transcripts Vol. ___ of ___

EXHIBIT [06]

774

Jury Instructions

1     instruct you as to the law applicable to this case.

2        It is your duty to follow all of these instructions. You

3     must not question any rule of law stated by me in these

4     instructions. Regardless of any opinion you may have as to

5     what the law ought to be, you must base your verdict upon the

6     law given by me.

7        It is your duty to determine the facts from the evidence in

8     this case. You are to apply the law given to you in these

9     instructions to the facts and in this way decide the case.

10        You are the sole judges of the credibility of the witnesses

11     and of the weight to be given to the testimony of each of them.

12     In considering the testimony of any witness you may take into

13     account the witness' intelligence, ability and opportunity to

14     observe, age, memory and manner while testifying, and any

15     interest, bias or prejudice the witness may have, and the

16     reasonableness of the witness' testimony considered in the

17     light of all the evidence in the case.

18        You should judge the testimony of the defendant in the same

19     manner as you judge the testimony of any other witness.

20        Neither by these instructions, nor by any ruling or remark

21     which I have made do I mean to indicate any opinion as to the

22     facts or as to what your verdict should be. You are the sole

23     and exclusive judges of the facts.

24        Opening statements of counsel are for the purpose of

25     acquainting you in advance with the facts counsel expect the

**EXHIBIT [07]**

780

### Jury Instructions

1   Solicitation of the defendant to commit a crime by a

2   government agent is by itself not sufficient to establish the

3   entrapment defense.

4   Evidence that the defendant has been convicted of a crime

5   is to be considered by you only insofar as it may affect the

6   defendant's credibility as a witness and insofar as it bears on

7   the defendant's predisposition to commit the crimes charged.

8   Beyond this it must not be considered by you as evidence of

9   guilt of the crime for which the defendant is on trial.

10  It is lawful for law enforcement officials to use and pay

11  cooperating individuals in the course of investigations. Law

12  enforcement officers and persons acting at the direction of law

13  enforcement officers in the course of official investigations

14  may legally employ investigative techniques that deceive. They

15  may also engage in conduct that would otherwise be unlawful if

16  done by non-law enforcement personnel.

17  Under the law the government is entitled to use stragins,

18  artifices, ruses, cooperating individuals and undercover agents

19  or investigators who may conceal their identity as agents of

20  the government.

21  It is also lawful for the government to obtain evidence

22  using a concealed tape recorder.

23  In Count 1 of the indictment defendants Duane Olson and

24  George Morris are charged with conspiracy to distribute and to

25  possess with intent to distribute cocaine. Title 21, United

**EXHIBIT [08]**

781

Jury Instructions

1    States Code, Section 846 provides in pertinent part:

2           "Any person who conspires to commit any offense

3           defined in this subchapter is guilty of an offense

4           against the United States."

5       The phrase offense defined in this chapter includes the

6    offenses of distributing or possessing with intent to

7    distribute cocaine.

8       In order to establish the offense of conspiracy against

9    defendant George Morris the government must prove these

10   elements beyond a reasonable doubt:

11      One, that the alleged conspiracy existed; and

12      Two, that the defendant knowingly and intentionally became

13   a member of the conspiracy.

14      If you find from your consideration of all the evidence

15   that each of these propositions has been proved beyond a

16   reasonable doubt, then you should find the defendant guilty.

17   If on the other hand you find from your consideration of all

18   the evidence that any of these propositions has not been proved

19   beyond a reasonable doubt, then you should find the defendant

20   not guilty.

21      A conspiracy is a combination of two or more persons to

22   accomplish an unlawful purpose.  A conspiracy may be estab-

23   lished even if its purpose was not accomplished.

24      In determining whether the alleged conspiracy existed you

25   may consider the actions and statements of all the alleged

EXHIBIT [09]

783

Jury Instructions

1   beyond a reasonable doubt, then you should find the defendant

2   not guilty.

3     A conspiracy is a combination of two or more persons to

4   accomplish an unlawful purpose. A conspiracy may be estab-

5   lished even if its purpose was not accomplished. In deter-

6   mining whether the alleged conspiracy existed, you may consider

7   the actions and statements of all the alleged participants.

8   The agreement may be inferred from all the circumstances and

9   the conduct of all the alleged participants. Only the

10   defendant's own words and acts show whether he joined the

11   conspiracy, but you may consider the statements of all the

12   alleged participants to decide what it was that the defendant

13   did and said or to help you understand the defendant's acts and

14   words.

15     To be a member of the conspiracy the defendant need not

16   join at the beginning or know all the other members or the

17   means by which the purpose was to be accomplished.

18     The government must prove beyond a reasonable doubt that

19   the defendant was aware of the common purpose and was a willing

20   participant.

21     Mere association with conspirators or those involved in a

22   criminal enterprise and mere presence at the scene of the crime

23   are insufficient to establish defendant's participation in a

24   conspiracy.

25     In Count 2 of the indictment Duane Olson is charged with

EXHIBIT [10]

784

Jury Instructions

1    the distribution of cocaine.  Title 21, United States Code,

2    Section 841(a)(1) provides in pertinent part:

3           "It shall be unlawful for any person knowingly or

4           intentionally to distribute or dispense a controlled

5           substance."

6         To sustain a charge in Count 2 that defendant Duane Olson

7    distributed cocaine the government must prove the following

8    propositions beyond a reasonable doubt:

9         First,, that the defendant knowingly and intentionally

10   possessed a quantity of a mixture;

11        Second, that the defendant knew that the mixture contained

12   a controlled substance;

13        Third, that the defendant distributed the controlled

14   substance;

15        Fourth, that the defendant was not entrapped.

16        If you find from your consideration of all the evidence

17   that each of these propositions has been proved beyond a

18   reasonable doubt, then you should find the defendant guilty.

19   If on the other hand you find from your consideration of all

20   the evidence that any of these propositions has not been proved

21   beyond a reasonable doubt as to a particular count, then you

22   should find the defendant not guilty.

23        Distribution is the transfer of possession from one person

24   to another.

25        I instruct you that cocaine is a Schedule 2 narcotic drug

**EXHIBIT [11]**

Jury Instructions

1  controlled substance.

2     In Count 3 of the indictment defendants Duane Olson and

3  George Morris are charged with possession of cocaine with the

4  intent to distribute.  Title 21 of the United States Code

5  provides in pertinent part:

6        "It shall be unlawful for any person knowingly and

7        intentionally to distribute or dispense or possess

8        with intent to distribute or dispense a controlled

9        substance."

10     To sustain the charge in Count 3 that Duane Olson possessed

11  cocaine with the intent to distribute the government must prove

12  the following propositions beyond a reasonable doubt:

13     First, that the defendant knowingly and intentionally

14  possessed the quantity of a mixture;

15     Second, that the defendant knew the mixture contained a

16  controlled substance;

17     Third, that the defendant possessed the controlled

18  substance with the intent to distribute it; and

19     Fourth, that the defendant was not entrapped.

20     If you find from your consideration of all the evidence

21  that each of these propositions has been proved beyond a

22  reasonable doubt, then you should find the defendant whom you

23  are considering guilty.

24     If on the other hand you find from your consideration of

25  all the evidence that any of these propositions has not been

**EXHIBIT [12]**

790

Jury Instructions

1    In a moment I'm going to send you back to the jury room,

2    but I instruct you now that you are not to begin deliberations

3    under any circumstances until that time that you receive from

4    the marshal the written instructions which I've just read and

5    certain other exhibits which I believe and the parties believe

6    will be helpful to you in your deliberations.

7        Finally, the verdict must represent the considered judgment

8    of each juror.  Your verdict, whether it be guilty or not

9    guilty, must be unanimous.  You should make every reasonable

10   effort in reaching a verdict.  In doing so you should consult

11   with one another, express your own views and listen to the

12   opinions of your fellow jurors.  Discuss your differences with

13   an open mind.  Do not hesitate to re-examine your own views and

14   change your opinion if you come to believe it is wrong, but you

15   should not surrender your honest beliefs about the weight and

16   effect of evidence solely because of the opinion of your fellow

17   jurors or for the purpose of returning a unanimous verdict.

18       You should give fair and equal consideration to all the

19   evidence and deliberate with the goal of reaching an agreement

20   which is consistent with the individual judgment of each juror.

21   You are impartial judges of the facts.  Your sole interest is

22   to determine whether the government has proved its case beyond

23   a reasonable doubt.

24       The marshal come forward.  Raise your right hand.

25       (Marshal duly sworn.)

EXHIBIT [13]

Jury Instructions

1  for fear of what he would learn, you may conclude that he acted

2  knowingly as I have used that word.

3      A defendant need not personally perform every act

4  constituting the crime charged.

5      Every person who willfully participates in the commission

6  of a crime may be found guilty.

7      Any person who knowingly aids, abetts, counsels, commands,

8  induces or procures the commission of a crime is guilty of that

9  crime.  However, that person must knowingly associate with the

10  criminal venture, participate in it and try to make it succeed.

11      Upon retiring to the jury room you will select one of your

12  number as your foreperson.  The foreperson will preside over

13  your deliberations and will be your representative here in

14  court.  Forms of verdict have been prepared for you.

15      The forms I will read.  The first verdict form:  We, the

16  jury, find the defendant Duane R. Olson guilty as charged in

17  the indictment.  This is the form you will use if your verdict

18  is Duane R. Olson is guilty as charged in all counts in the

19  indictment.

20      Then there is another verdict form.  We, the jury, find the

21  defendant Duane R. Olson not guilty as charged in the indict-

22  ment, which is the form you will use if you find that Duane

23  Olson is not guilty of all of the counts.

24      And then there is a third verdict form.  We, the jury, find

25  the defendant Duane Olson guilty as charged in Counts, and then

**EXHIBIT [14]**

CLERK'S FILE COPY

800

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**NOV 27 1991**

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )   **FILED**
                                    )
        v.                          )   **NOV 27 1991**        No. 90 CR 577
                                    )
DUANE OLSON,                        )   H. STUART CUNNINGHAM, Clerk   Chicago, Illinois
                                    )   UNITED STATES DISTRICT COURT   September 11, 1991
            Defendants.             )   1:00 p.m.
                                    )   Sentencing

U.S.C.A. – 7th Circuit
**FILED**

THOMAS F. STRUBBE
CLERK

VOLUME 8
TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JAMES B. ZAGEL

APPEARANCES:                        **99-3574**

For the Government:                 HON. FRED L. FOREMAN
                                    United States Attorney, by
U.S.C.A. – 7th Circuit              MR. RONALD E. SAFER
**FILED**                           Assistant United States Attorney
                                    219 South Dearborn Street
DEC - 2 1999  PMS                   Chicago, Illinois 60604
GINO J. AGNELLO
CLERK
DOC
    For Defendant Olson:            MR. GREGORY SCHLESINGER
                                    180 North LaSalle Street
                                    Suite 1708
                                    Chicago, Illinois 60601


        Court Reporter:            Wanda L. Barnes
                                   Official Court Reporter
                                   219 South Dearborn Street
                                   Suite 1918
                                   Chicago, Illinois 60604
                                   312 435-5568

EXHIBIT [15]


861

Fessler - direct

1    perhaps you have in your mind that this admirable thing ought

2    to be contrasted with, for example, Karl Fessler, who is not a

3    very admirable man.  Clearly not a nice man.  I don't think he

4    was all that persuasive.

5        But, frankly, given his background and his history, I don't

6    think that you will be standing here today convicted were it

7    not to for what appeared on tapes, and for one other thing:

8    for the delivery of 16 kilos of cocaine.  Because no matter how

9    unfortunate it is that there are Karl Fessler's in this world

10   and no matter how unfortunate it is that the government uses

11   them -- and I think the government generally concurs with the

12   proposition that it is unfortunate that they have to use

13   them -- the fact of the matter is Fessler would never have

14   testified in this court, you would not be standing in this

15   court, if you hadn't delivered 16 keys of cocaine.

16       For that offense Congress sets a guideline range, and I'm

17   imposing sentence within that guideline range.

18       I impose a sentence of 324 months in the custody of the

19   Attorney General, which is the minimum sentence that can be

20   given under this guideline.  That is to be followed by ten

21   years supervised release.

22       Based on my examination of your financial condition, I

23   waive the fine.  I impose the special assessment of $150.

24       Anything further?

25           MR. SCHLESINGER:  Judge, one final matter, and that is

EXHIBIT [16]

AO 245 S (Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

# United States District Court

__Northern__ District of __Illinois__

__Eastern Division__

UNITED STATES OF AMERICA

v.

DUANE R. OLSON

(Name of Defendant)

## JUDGMENT IN A CRIMINAL CASE

(For Offenses Committed On or After November 1, 1987)

Case Number: __90 CR 577-1__

__Gregory Schlesinger__

Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☒ was found guilty on count(s) __one, two, and three__ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:846 | Conspiracy | 6/90 | 1 |
| 21:841(a)(1) | Possession w/intent to distribute Cocaine | 6/90 | 2 |
| 21:841(a)(1) | Possession w/intent to distribute Cocaine | 6/90 | 3 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____ and is discharged as to such count(s).

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

☒ It is ordered that the defendant shall pay a special assessment of $ __150.00__, for count(s) __1,2,3__, which shall be due ☒ immediately ☐ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: __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__

Defendant's Date of Birth: __12/7/28__

Defendant's Mailing Address:

__71 W. Van Buren Street__

__Chicago, IL 60605__

Defendant's Residence Address:

__Same__

September 11, 1991

Date of Imposition of Sentence

Signature of Judicial Officer

JAMES B. ZAGEL, U.S. DISTRICT JUDGE

Name & Title of Judicial Officer

September 23, 1991

Date

FEXHIBIT [17]L

AO 245 S (Rev. 4/90) Sheet 2 - Imprisonment

Defendant:     OLSON, Duane R.                                    Judgment—Page
Case Number:   90 CR 577-1

ELECTRONIC

**MAY. 7, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ___THREE HUNDRED TWENTY-FOUR (324) MONTHS___

Said term of imprisonment to be served concurrently on each of counts 1,2 and 3.

☐ The court makes the following recommendations to the Bureau of Prisons:

XX The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district;
  ☐ at _____ a.m.
         _____ p.m. on _____
  ☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
  ☐ before 2 p.m. on _____
  ☐ as notified by the United States marshal.
  ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

_____
United States Marshal

By _____

‖EXHIBIT [18]‖



IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DUANE R. OLSON,

      Movant,            CASE NO: **08-21340-CIV-GOLD/WHITE**

Versus

JORGE PASTRANA,

      Respondent. /

A MOTION TO MOVE THE COURT TO ACT,
Pursuant To The Commands Of,
Title 28, United States Code, Section **2243.**

    COMES NOW, DUANE R. OLSON, (hereafter-Movant) to Respectfully Move this Honorable Court to Act on the Movant's Application for Habeas Corpus Relief on the above styled case filed with this Court on Wednesday, May 7, 2008.

As Cause:

    Title 28, United States Code, Section **2243.**, states in relevant part;

> "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith* award the writ or issue an order directing the responsent to show cause why the writ should not be granted..."

* **forthwith** — **1.**Immediately; without delay. Black's Law Dict.

## ADJUDICATED FACT

<u>Murray v. Carrier</u>; 91 L Ed 2d @ 416 (1986), Justice Stevens;

> "The writ of habeas corpus is the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action."

> "The Act (1867) gave federal courts 'power to grant writs of habeas corpus in all cases where any person may be restrained of his or her liberty in violation of the Constitution'."

The doctrine of the "presumption of innocence" was Created by Law as prima facia evidence in favor of the accused until; "[a]ll the elements necessary to constitute the offence intended to be punished" are proved "beyond a reasonable doubt" by the Prosecution to secure a conviction. (Writ @ **-12-**)
The **"QUESTION"** here is relatively simple;

Does the accused **remain** "factually innocent" of those elements "necessary to constitute the offence intended to be punished" that the Prosecution **failed** to prove "beyond a reasonable doubt" and for which the accused is now imprisoned?

The Movant would Respectfully Move this Honorable Court to Act on the Movant's claim of **"factual innocence"** and Application for Habeas Corpus Relief "[a]s law and justice require".

Respectfully Submitted,

Movant —

Duane R. Olson (pro-se)
Reg. No: 04931-424
P.O. Box 779800 Unit "C"
Federal Correctional Institution
Miami, Florida 33177-0200

-2-

## CERTIFICATE OF SERVICE

I, DUANE R. OLSON, hereby Swear and Certify that a **TRUE** and **CORRECT** Copy of the foregoing Motion To Move The Court To Act, was mailed, First Class, postage pre-paid, to the following Interested Party(s);

**UNITED STATES ATTORNEY**
**99 N.E. 4th STREET**
**MIAMI, FLORIDA 33132**

Executed on this ___19 Th___ day of ___May___, 2008.

Affiant _____
Duane R. Olson
Reg. No: 04931-424

−3−

FILED by _____ D.C.

JUN 1 0 2008

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DUANE R. OLSON,

            Applicant/Movant,

Versus

THE UNITED STATES OF AMERICA,

            Repsondent/Defendant. /

08-21340-CIV-GOLD/WHITE

## A MOTION TO MOVE THE COURT TO ANSWER,
## "[a]s law and justice require".

**COMES NOW** DUANE R. OLSON, the Applicant and Movant in the above Styled Action now apparently stalled before the Court, to Move this Honorable Court to **"ANSWER"** the Movant's APPLICATION FOR WRIT of HABEAS CORPUS RELIEF as "[l]aw and justice require".

## As Cause for this Action;

The Movant would Respectfully Present the Court with the following Information for the Court's Consideration;

## CONSTITUTION LAW

Constitution; Arctile I., Section 9., Clause 2.;

    "The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or invasion the public Safety may require it."

## STATUTORY LAW

Title 28, United States Code, Section **2241.;**

> "**(a)**  Writs of habeas corpus may be granted by * * * the district courts [or] **(b)** [t]ransfer the application for hearing and determination to the district court having jurisdiction to entertain it."

## STATUTORY LAW

Title 28, United States Code, Section **2243.;**

> "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted,"

## ANCIENT LAW

In **1225, THE MAGNA CARTA,** Created by Law in Favor of the People, Provided that;

> "No Freeman shall be taken, or imprisoned, or be disseised of his Freehold, or Liberties, or free customs, or be outlawed, or exiled, or any otherwise destroyed; nor will we not pass upon him, nor condemn him, but by lawful Judgment of his Peers, or by the law of the Land."

## ANCIENT LAW

In **1350,** an English Statute declared that;

> "It is contained in the Great Charter of the Franchises of England, that none shall be imprisoned nor put out of his Freehold, nor his Frnachises nor free Custom, unless it be by the Law of the Land. . ."

* **forthwith — 1. Immediately;** without delay. (Black's Law)

-2-

## ANCIENT LAW

Four years later, in **1354,** another Statute Provided;

> "[t]hat no Man of what Estate or Condition that he be,
> shall be put out of Land or Tenement, nor taken nor
> imprisoned, nor disinherited, nor put to Death, without
> being brought in Answer by due Process of the Law."

## ANCIENT LAW

In **1363,** it was Provided;

> "[t]hat no man be taken or imprisoned, nor put out of
> his freehold, without process of law."

On September 28, **1787,** GEORGE WASHINGTON, (presiding officer)
sent the **"NEW"** Constitution to the legislatures, "[i]n order to
be submitted to a convention of delegates chosen in each state
by the people thereof" and the ratified Constitution was declared
to be in effect, the First Wednesday in March, **1789;**

## CONSTITUTION LAW

Constitution; Amendment V.;

> "No person shall be held to answer for a capital, or
> otherwise infamous crime, unless on a presentment or
> indictment of a Grand Jury * * * nor be deprived of life,
> liberty, or property, without due process of law;"

## CONSTITUTION LAW

Constitution; Article III., Section 2., Clause 3.;

> "The trial of all Crimes, except in Cases of Impeach-
> ment, shall be by Jury;"

-3-

### SUPREME LAW OF THE LAND

Russell v. United States; 8 L ed 2d 240 @ 251, (May 21, 1962);

Mr. Justice STEWART;

Quoting; United States v. Cruikshank; 23 L ed 588 @ 593;

> "It is an elementary principle of criminal pleading, that where the definition of an offense, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the species — it must descend to particulars.'"

### SUPREME LAW OF THE LAND

Russell v. United States; 8 L ed 240 @ 251, (May 21, 1962);

Mr. Justice STEWART;

Quoting; United States v. Simmons; 24 L ed 819 @ 820;

> "An indictment not framed to apprise the defendant 'with reasonable certainty, of the nature of the accusation against him * * * is defective, although it may follow the language of the statute'."

### SUPREME LAW OF THE LAND

Russell v. United States; 8 L ed 240 @ 251, (May 21, 1962);

Mr. Justice STEWART;

Quoting; United States v. Carll; 26 L ed 1135;

> "In an indictment upon a statute, it is not sufficient to set forth the offence in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished;"

-4-

## SUPREME LAW OF THE LAND

Re: Winship; 25 L Ed 2d 368 @ 385 (March 31, 1970) Mr. Justice
BRENNAN Quoting Mr. Justice MOODY, 'modifying' Mr. Justice CURTIS'
definition of "due process of law";

> "But, consistently with the requirements of due process,
> no change in ancient procedure can be made which dis-
> regards those fundamental principles, to be ascertained
> from time to time by judicial action, which have re-
> lation to process of law and protect the citizen in his
> private right, and guard him against the arbitrary ac-
> tion of government."

## THE QUESTION HERE IS NOT . . .

1) **WHETHER** the Constitution Confer's Authority for Congress
to **'regulate** the Commerce' in 'drugs or other substances', or;
2) **WHETHER** the "necessary and proper" clause Confer's Authority
for Congress to **'regulate'** intrastate activities in 'drugs or
other substances', or; 3) **WHETHER** Congress has Power to Authorize
the Attorney General to promulgate "rules and regulations * * * for
regulated persons and of regulated transactions", or; 4) **WHETHER**
Congress has the Power to Enact Legislation for the Exeuctive
Branch of the Government to **Enforce** the "rules and regulations"
promulgated by the Attorney General, or; 5) **WHETHER** Congress has
the Power to Enact Legislation for the Judicial Branch to Punish
any person who violates the "rules and regulations" promulgated
by the Attorney General . . . **T H E Y   D O** !

-5-

# <u>N O R</u> . . . <u>IS THE QUESTION HERE</u> . . .

**1)** **WHETHER** the Constitution Confer's Authority for Congress to Enact Legislation that would make it . . . **UNLAWFUL** . . . for **any person\*** to possess, manufacture, distribute, or dispense, "controlled substances" . . . whatever they are . . . or; **2)** **WHETHER** the Statute, Section **841(a)(1).,** of Title 21, Confer's Federal **jurisdiction in personam** for Members of the Executive Branch of the Government of the United States, to arrest and prosecute **any person\*** who "violates" the **"Authorized activities"** of Title 21, United States Code, Section **822(b).,** or; **3)** **WHETHER** the Statute, Section **841(a)(1).,** of Title 21, Confer's Federal **jurisdiction in personam** for Members of the Judicial Branch of the Government of the United States, to Hear, Adjudicate, and Impose Punishment upon **any person\*** who either ADMITS or is FOUND **GUILTY** of Conduct **N O T** **'authorized'** by Title 21, United States Code, Section **822(b)** . . . **I T  D O E S  N O T !**

**WHEN any person\*** is accused of an Offense against the "[l]aws of the United States", the accused is "presumed-innocent" until <u>A</u> <u>L</u> <u>L</u> the elements necessary to constitute the Offense intended to be Punished . . . are either admitted by the accused . . . or proved "beyond a reasonable doubt" by the prosecution to Secure a Conviction and Impose Punishment, and . . .

---

**\* any person** — any person in **BOLD** and with an asterisk means **any person\*** at random, Citizen or Foreign National, within the boundries of the United States, it's Territories, or Possessions.

WHEN the "presumption of innocence" of the **Single Element Necessary** to Impose the Punishment for the Offense is **NEVER ADMITTED** by the accused, or **NEVER OVERCOME** by the Prosecution and/or a jury verdict . . .

## THE QUESTION HERE IS . . .

DOES THE ACCUSED . . . R E M A I N . . . "presumptively-innocent" of the element necessary for the Sentencing or Trial Court to Impose Punishment?

### CONCLUSION

**Taken A L L together** . . .

The prima facia evidence Presented with the APPLICATION for Habeas Corpus Relief, Statutory Law, Ancient Law, Constitution Law, and The Supreme Law of the Land . . .

The Applicant herein Identified as DUANE R. OLSON, has **every** "RIGHT" to D E M A N D this Honorable Court to Either; **1).** ORDER the Respondent/Defendant to Release Olson from IL-legal, **UN-**constitutional, and **F A L S E** Imprisonment...forthwith, or, **2).** transfer the Writ to the Northern District of Illinois, Chicago, or, **3).** Indicate "with certainty and precision" where the Applicant's Theory of Constitution Law and Strategy of Argument is **'frivolous and without merit'**, or, **4).** let this Court tell the Bravest of this Nation's Young Men and Women who are Prepared...

-7-

**every day**...to Offer the Supreme Sacrifice in **IRAQ** and **AFGHANISTAN**;

That the Ancient Principles of Law Protected and Secured by the Constitution for the United States and Guaranteed by the Original Ten **(10)** Articles of Amendment thereto...**I S  D E A D**...and "[l]ay the matter to rest"!

Respectfully Submitted,

Movant/Applicant

Duane R. Olson  (pro-se)
Reg. No:  04931-424
P.O. Box 779800  Unit "C"
Federal Correctional Institution
Miami, Florida  33177-0200

## CERTIFICATE OF SERVICE

I, DUANE R. OLSON, hereby Swear that a TRUE and CORRECT Copy of the foregoing 8-pages of this Motion to Move the Court to "ANSWER", was mailed, First Class, Postage Pre-Paid, to the United States Attorney's Office, 99 N.E. 4th Street, Miami, Florida.

Executed on this ____9th____ day of ___June___, 2008.

Affiant —
Duane R. Olson

−8−