IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

## 08-21340-CIV-GOLD/WHITE

DUANE R. OLSON,

                **Applicant/Prisoner,**

Versus

MR. JORGE PASTRANA, WARDEN,

Representing,

THE UNITED STATES OF AMERICA,

                **Respondent/Defendant.**

REGISTERED MAIL
7006 0810 0004 9229 4163
RETURN RECEIPT REQUESTED

CIVIL ACTION:_____

**08 C 3505**

**JUDGE LEINENWEBER**

**FILED**

**JULY 18, 2008**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

AN APPLICATION FOR

WRIT OF HABEAS CORPUS RELIEF

Pursuant To The Provisions In

Title 28, United States Code, Section **2241(c)(3).**

Respectfully Submitted,

Applicant/Prisoner —

Duane R. Olson (pro-se)
Reg. No: 04931-424
P.O. Box 779800 Unit "C"
Federal Correctional Institution
Miami, Florida 33177-0200

cat / div _Dade Co./ 2241_

Case # _08CV21340_

Judge _ASG_    Mag _PAW_

Motn Ifp _NO_   Fee pd $ _0_

Receipt # _____

## A F F I D A V I T and D I S C L A I M E R

I, DUANE R. OLSON, do hereby Swear and Certify, under the pain and penalty for perjury, Prescribed in Title 28, United States Code, Section 1746;

That I am an Individual and Citizen of the Sovereign State of Florida, and N O T subject to any real, imaginary, or quasi **statutory regulations** Enacted by the Ninety-First Congress, Enforced by the Executive Branch, and Punished by the Judicial Branch, of the FEDERAL CORPORATION and GOVERNMENT of the UNITED STATES of AMERICA;

That as an Individual, I Stand Upon My Rights such as Existed by Common Law long antecedent to the Organization of the Republic of the United States of America, and;

I Stand Upon My Constitutional Rights Guaranteed by the Original Ten (10) Articles of Amendment thereto; that My Common Law Rights can **ONLY** be "taken-away" from Me by "due process of law" and in accordance with the Constitution.

Further . . .

That I have **NEVER** Signed A N Y Contract or other Obligation with the Attorney General of the United States, or the DRUG EN-FORCEMENT AGENCY (**DEA**) of the United States Department of Justice, that would bind Me to the "**regulatory-jurisdiction**" Elements of the **DEA'S DIVERSION CONTROL PROGRAM, FORM 224A,** (See **-iii-**) of

-i-

AFFIDAVIT and DISCLAIMER (Continued)

Public Law: 91-513, THE COMPREHENSIVE DRUG ABUSE and PREVENTION ACT of 1970, Short Title, CONTROLLED SUBSTANCE ACT, (CSA), Codified and Amended to the FOOD and DRUGS ACT as Title 21, United States Code, Section(s) 801., et., al., and;

Finally . . .

    That I have never Surrendered A N Y of My Sovereign, Personal, or "[u]nalienable Rights" to the Central Government of the Republic of the United States of America.

Executed on this ___1ST___ day of ___May_____, 2008.

                    Affiant _____
                            Duane R. Olson  (pro-se)
                            Reg. No:  04931-424
                            P.O. Box 779800  Unit "C"
                            Federal Correctional Institution
                            Miami, Florida  33177



# DIVERSION CONTROL PROGRAM
## DEA FORM 224A

| HELP | 3. State Licenses |
|---|---|
| Federal registration by DEA is based upon the applicant being in compliance with applicable state and local laws. Applicants should contact the local state licensing authority prior to completing this application. If your state requires a separate controlled substance license, provide the number.<br><br>**General Instructions.** | All applicants are required to answer the following:<br><br>Are you currently authorized to prescribe, distribute, dispense, conduct research, or otherwise handle the controlled substances in the schedules for which you are applying under the laws of the state or jurisdiction in which you are operating or propose to operate?<br><br>**\* State License**<br><br>⌐ Yes<br><br>State License No. ████████<br><br>**State Controlled Substance License**<br><br>⌐ Yes<br><br>State Controlled Substance No. |

*Fields with a (\*) are required.*

 



NOTE HEADING:    "DIVERSION CONTROL PROGRAM"

PROCEEDINGS

11  07/05/90 — Motion by government filed for revocation of release orders.) (dkt'd 07/09/90).

15  07/05/90 — Filed appearance of DEUTSCH, MICHAEL as attorney for defendant (dkt'd 07/09/90).

18  06/90 — Motion by government granted (MOT#1) (Government's emergency motion for revocation of release orders continued from 7/6/1990 is granted. Defendant hereby ordered detained before trial.) (JUDGE LINDBERG) (dkt'd 07/18/90). Bail not allowed (Defendant's are hereby ordered detained pending trial.) (JUDGE LINDBERG) (dkt'd 07/18/90).

19  08/90 — Filed transcript of proceedings for 07/03/90 (1 vol.) (dkt'd 07/23/90).

20  23/90 — Order filed (Draft: Enter detention order: Defendants Duane R. Olson and George A. Morris, shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel, and on order of a Court of the United States, or on request of an attorney for the government, the person charged or confined shall deliver the defendants to a U.S. Marshal for the purpose of an appearance in connection with a court proceeding.) (JUDGE LINDBERG) (dkt'd 07/26/90).

21  26/90 — Case assigned to JUDGE ZAGEL. (Magistrate Lefkow designated.) (dkt'd 07/27/90).

22  27/90 — Filed indictment (dkt'd 07/27/90). Bail not allowed (Detained by Magistrate.) (CHIEF JUDGE MORAN) (dkt'd 07/27/90).

23  — Filed criminal designation sheet. (fel. cat. II). (dkt'd 07/27/90).

24  27/90 — Arraignment and plea set for 07/30/90 @ 10:00 AM (counts 1, 2,3) (dkt'd 07/27/90).

25  30/90 — Arraignment and plea reset to 07/31/90 @ 10:00 AM (Counts 1, 2,3) (JUDGE ZAGEL) (dkt'd 08/01/90).

26  31/90 — Arraignment held (Counts 1,2,3) (JUDGE ZAGEL) (dkt'd 08/03/90). Defendant's first appearance (JUDGE ZAGEL) (dkt'd 08/03/90).

-iv-

| Date | No. | Proceedings |
|---|---|---|
| 04/26/91 | 91 | Trial held-jury (Counts 1,2,3) (JUDGE ZAGEL) (Dkt'd 05/01/91). |
| 04/30/91 | 91 | Jury trial adjourned to 05/01/91 @ 8:30 AM (Counts 1,2,3) (JUDGE ZAGEL) (Dkt'd 05/01/91). |
| 05/01/91 | 91 | Order filed (the Clerk of Court is directed to PAY for fourteen jurors. One juror excused due to illness) (JUDGE ZAGEL) (Dkt'd 05/01/91). |
| 05/02/91 | 92 | Trial held-jury (Counts 1,2,3) (JUDGE ZAGEL) (Dkt'd 05/07/91). |
|  | 92 | Jury trial adjourned to 05/07/91 @ 10:00 AM (Counts 1,2,3) (JUDGE ZAGEL) (Dkt'd 05/07/91). |
|  | 92 | Order filed (the Clerk of Court is directed to PAY for thirteen jurors) (JUDGE ZAGEL) (Dkt'd 05/07/91). |
| 05/07/91 | 93 | Trial held-jury (Counts 1,2,3) (both sides rest.) (JUDGE ZAGEL) (Dkt'd 05/07/91). |
|  | 93 | Jury instructed and deliberations begin. Alternate juror discharged. (Dkt'd 05/07/91) (JUDGE ZAGEL). |
|  | 93 | Order filed (the Clerk of Court is directed to PAY for thirteen jurors) (JUDGE ZAGEL) (Dkt'd 05/07/91). |
|  | 94 | Order filed (the Clerk of Court is directed to PAY for coffee and rolls for twelve jurors.) (JUDGE ZAGEL) (Dkt'd 05/07/91). |
|  | 95 | Trial held-jury (Counts 1,2,3) (JUDGE ZAGEL) (Dkt'd 05/07/91). |
|  | 95 | Jury instructions (given). (JUDGE ZAGEL) (Dkt'd 05/07/91). |
|  | 95 | Trial ends-jury (Counts 1,2,3) (JUDGE ZAGEL) (Dkt'd 05/07/91). |
|  | 96 | Jury verdict of guilty (Counts 1,2,3) (JUDGE ZAGEL) (Dkt'd 05/07/91). |
|  | 96 | Order cause referred to the probation department for a pre-sentence investigation (Counts 1,2,3) (JUDGE ZAGEL) (Dkt'd 05/07/91). |
|  | 96 | Court judgment of guilty (Counts 1,2,3) (JUDGE ZAGEL) |
|  | 96 | Post-trial motions to be filed on or before 05/24/91 (Dkt'd 05/07/91). |
|  | 96 | Sentencing set for 08/13/91 @ 2:00 PM (Counts 1,2,3) (JUDGE ZAGEL) (Dkt'd 05/07/91). |
|  | 96 | Order defendants detailed. (JUDGE ZAGEL) |
| 08/02/91 | 100 | Sentencing reset to 09/10/91 (Counts 1-3) (JUDGE ZAGEL) (Dkt'd 08/22/91); |
| 08/06/91 | 101 | Motion filed (M91#24) (for an adjudication of legal evidence on factual issues involved, with notice of filing |

-V-

*** GRID G16 ***

ACTIVE CRIMINAL DOCKETS      ILL-N(CHICAGO) 05/16/92

CR-90-00577-01      US-V-OLSON, ET AL      CR-90-00577-01   PAGE 11

PROCEEDINGS

attached.) (Dkt'd 08/22/91).

08/13/91  102   Sentencing reset to 09/10/91 @ 2:00 PM (counts 1-3) (JUDGE ZAGEL) (Dkt'd 08/22/91).

09/10/91  106   Sentencing reset to 09/11/91 @ 11:30 AM (Counts 1,2,3) (JUDGE ZAGEL) (Dkt'd 09/20/91).

09/11/91  107   Order filed (defendant's motion for finding of governmental misconduct is denied.) (JUDGE ZAGEL) (Dkt'd 09/25/91).

          109   Motion made in open court for appointment of counsel. Motion (MOT#26) (Gregory Schlesinger) on motion is continued until further order. (JUDGE ZAGEL) (Dkt'd 10/02/91).

>>>>>>10  >>>>>>  Sentencing of defendant (counts 1-3) (the sentence imposed pursuant to the Sentencing Reform Act of 1984. It is ordered that the defendant shall pay a special assessment of $150.00, for count 1,2,3 which shall be due immediately. It is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of THREE HUNDRED TWENTY-FOUR (324) MONTHS. Said term of imprisonment to be served concurrently on each count 1,2 and 3. Upon release from imprisonment, the defendant shall be on supervised release for a term of TEN (10) YEARS on each of counts 1,2 and 3. Said term of supervised release to be served concurrently. Statement of Reasons.) (JUDGE ZAGEL) (Dkt'd 10/02/91).

09/17/91  112   Filed notice of appeal (counts 1-3) (APPL#1) (Dkt'd 10/02/91).

          113   Filed 9/17/91 jurisdictional statement. (Dkt'd 10/02/91).

09/24/91  115   Motion filed (MOT#27) (for confinement within the Northern District of Illinois, with notice of filing attached.) (Dkt'd 10/02/91).

09/25/91        Issued judgment and commitment to U.S. Marshal (Counts 1-3) (Dkt'd 10/02/91).

10/03/91  116   Notice of appeal and docket entries transmitted to USCA (APPL#1) (Dkt'd 10/03/91).

          117   Notice of appeal (APPL#1) (filed letter mailed to appellant regarding circuit Rule 3(c).) (Dkt'd 10/03/91).

10/07/91  120   U.S. Court of Appeals docket number (91-3269) (Dkt'd 10/09/91).

-vi-

*** GRID H16 ***

<u>A N  E X T R A O R D I N A R Y  R E Q U E S T</u>

FOR AN IN CAMERA INSPECTION AND INVESTIGATION,

by

UNITED STATES DISTRICT COURT JUDGE,

FOR THE NORTHERN DISTRICT OF ILLINOIS,

EASTERN DIVISION,

THE HONORABLE **JAMES B. ZAGEL**

—— —— —— —— ——

April 17, 2008

**REGISTERED  MAIL**
7004 2890 0002 3348 1328
**RETURN RECEIPT REQUESTED**

Subject:  DUANE R. OLSON/CRIMINAL CASE NO:  90-cr-577

Your Honor;

    I don't know if this procedure is acceptable jurisprudence or not, however, **extraordinary** circumstances require **extraordinary** action, and I believe I have 'discovered', for the want of a better word, a **fatal flaw** in the "due process" Requirements of the Fifth and Sixth Amendment "Rights" of . . . **'any person'** . . . accused by the Government of the United States, to be;  "[i]n violation of Title 21, United States Code, Section **841(a)(1)**".

    **I F** My **'discovery'** is correct, it will be a Matter of National Interest and Concern for hundreds of thousands of Men and Women from nearly every Nation on this Planet, with the potential at least, of self-elevating to A MATTER OF NATIONAL SECURITY!

    While I have little Sympathy for the "MOVERS and  SHAKERS", from the Executive and Judicial who Constructed this **F R A U D** I am . . . none-the-less . . . a Patriot who Loves this Still Young Republic **"WE"** like to call America . . .

**THEREFORE . . .**

-vii-

AN EXTRAORDINARY REQUEST
For U.S. District Court Judge,
The Honorable, **JAMES B. ZAGEL**



   I am Offering My 'discovery' for Your Honor's Inspection and Investigation, to determine whether or not My WRIT of HABEAS CORPUS Ought to be filed in Open Court, or "kicked up-stairs" first . . . for damage control . . .

   Receiving **NO** Response from Your Honor's Chambers by May 1, 2008, I will Presume Your Honor to have NO Interest and I will proceed to Engage the Legal Talents of a well Respected Post-Conviction Attorney.

   I trust this letter will be Interpreted with the same Sincere Consideration that went into its Construction.

Respectfully,

Duane R. Olson
Reg. No: 04931-424
P.O. Box 779800 Unit "C"
Federal Correctional Institution
Miami, Florida 33177-0200

**U.S. Postal Service.**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

JUDGE ZAGEL  OFFICIAL USE

Postage $
Certified Fee          AM 7.14
Return Receipt Fee          2008
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees  $

Postmark
Here

Sent To
**DUANE R. OLSON  UNIT "C"**
Street, Apt. No.;  **REG. NO: 04931-424**
or PO Box No.
City, State, ZIP+4

7004 0940 0000 2840 1358

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
THE HONORABLE JAMES B. ZAGEL
U.S. DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
219 SOUTH DEARBORN STREET
CHAICAGO, ILLINOIS 60603

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery
C. Signature
X
☐ Agent
☐ Addressee
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
PS Form 3

-viii-

## OPENING STATEMENT

**COMES NOW, DUANE R. OLSON,** (hereafter-Olson) in propria persona and want of Competent Counsel, to Respectfully File this Application for Habeas Corpus Relief Pursuant to Title 28, United States Code, Section **2241(c)(3)**, which states in relevant part;

"**(c)** The writ of habeas corpus shall not extend to a prisoner unless —

**(3)** He is in custody in violation of the Constitution or laws or treaties of the United States;"

On September 11, 1991, In United States District Court for the Northern District of Illinois, Eastern Division, Chicago, United States District Court Judge, The Honorable **JAMES B. ZAGEL** Presiding;

**1).** The Court did Impose a term of **324-months** in federal prison without parole, followed by Ten **(10)** years Supervised Release, 2). "[f]or an act of Congress", 3). "[i]n violation of the Constitution", 4). In violation of the "[l]aws of the United States", 5). In violation of Olson's Fifth and Sixth Amendment Rights, 6). In violation of American Jurisprudence Practiced in this Nation for over 200-years, 7). Repugnant to the Framer's Intent, 8). For Conduct **N E V E R** Admitted by Olson and **N E V E R F O U N D** or **A U T H O R I Z E D** by a jury of Olson's peers.

**-1-**

Olson's Theory of Constitution Law and Strategy of Argument Presented hereafter, is "[s]o novel that its legal basis is not reasonably available to counsel" (Reed v. Ross; 82 L Ed 2d 1) yet, It is a "STANDARD" of American Criminal Jurisprudence Practiced in this Nation for over 200-years.

Olson will rely on His Perpetual Protections Secured in the language of the Constitution for the United States, Guaranteed by the Original Ten (10) Articles of Amendment thereto, and Adjudicated Facts Opined by the Supreme Law of the Land, Supported by the prima facia evidence of Official Government documents, and District Court Records and transcripts hereto attached;

To prove "beyond a reasonable doubt", and to this Court's Complete Satisfaction, that Olson has been Convicted of Conduct "[t]hat the law (standing alone) does not make criminal" Davis v. U.S.; 41 L Ed 2d 109 (1974) and Sentenced to a term of **324-months** in federal prison...without parole...for Conduct **N E V E R** admitted, **N E V E R** FOUND, or **N E V E R** AUTHORIZED by a jury of Olson's peers . . .

**THEREFORE . . .**

IF Olson was "presumed-innocent" until every element necessary to constitute the punishment prescribed in Title 21, United States Code, Section **841(b)** for; "[a]ny person who violates subsection (a) of this section" is proven . . . "beyond a reasonable doubt"; Then . . .

-2-

Olson **remains** procedurally, legally, constitutionally, act-ually, and factually . . . **I N N O C E N T** . . . of the 'crime' for which the District Court Imposed a term of **324-months** in federal prison **nearly 18 years ago**!

"In other words, [Olson] contends that the Record reveals that neither he, nor his counsel, nor the Court, Correctly under-stood the essential elements of the crime" for which the Court Imposed Punishment. <u>Bousley v. U.S.</u>; 140 L Ed 2d 828 @ 837 (1998).


## JURISDICTION

Jurisdiction to Hear, Adjudicate, and Render an Opinion on Olson's Application for Habeas Corpus Relief, is Conferred upon this Court by Virtue of Title 28, United States Code, Section 2241(c)(3)., and . . .

"Petitioners in habeas corpus proceedings, as the Congress and this Court have emphasized, are entitled to careful consider-ation and plenary processing of their claims including full op-portunity for presentation of the relevant facts." <u>Harris v. Nelson</u>; 22 L Ed 2d 281 @ 290 (1969).

Olson would Rely on <u>Bousley v. United States</u>; 140 L Ed 2d 828 (May 18, 1998) Quoting; <u>Murray v. Carrier</u>; 91 L Ed 2d 397, @ 413 **[9]** (June 26, 1986) Quoting; <u>Engle v. Isaac</u>; 71 L Ed 2d 7832 (1982), "However, as we also noted in <u>Engle</u>, '[i]n appropriate

-3-

cases' the principles of comity and finality that inform the con-
cepts of cause and prejudice 'must yield to the imperative of
correcting a fundamentally **unjust incarceration**'." (Eph. added)

**Finally,** The Supreme's Promised that; "This Court has never
held, however, that finality, standing alone, provides a suffic-
ient reason for federal courts to compromise their protection of
constitutional rights." Reed v. Ross; 82 L Ed 2d 1, @ 15.

Surely, the Ancient Principles of the Writ of Habeas Corpus
Provide this Court with 'jurisdiction' to Investigate a federal
prisoner's **'claim'** to be **innocent** of the 'crime' for which he is
Imprisoned . . . and **I F** Olson is able to prove "beyond a reason-
able doubt" and to this Honorable Court's Complete Satisfaction,
that Olson is **actually** and **factually innocent** of the **'crime'** for
which the district court Imposed Punishment, then, Olson is Con-
fident that this Court will Act to Correct this...**manifest mis-
carriage of justice**...as "[l]aw and justice require".

°°°

−4−

## ?THE QUESTION?

**I F  it is TRUE** . . . that a defendant in a federal criminal prosecution is "presumed-innocent", until "[a]ll the **'elements'** necessary to constitute the offence intended to be punished" are proved "beyond a reasonable doubt" . . .

Does a federal prisoner, (herein Identified as **DUANE R. OLSON**) . . . **remain** . . . procedurally, legally, constitutionally, actually, and factually . . . **I N N O C E N T** . . . of the **'sentencing-element'** of an offence **NEVER** Charged by Indictment, **NEVER** Denied by Olson. **NEVER** Admitted by Olson, **NEVER** proved by the prosecution, **NEVER** Charged in the Jury Instructions, and **NEVER F O U N D** or **A U T H O R I Z E D** by a jury of Olson's peers?

°₀°

-5-

**AFFIDAVIT and STATEMENT OF FACT(S)**
in
**CRIMINAL CASE NO:** __90 CR 577__

In the Early Evening of June 25, 1990, Olson was arrested by Federal Drug Enforcement Agents (**D E A**) at the EMBASSY SUITES HOTEL, Lombard, Illinois, (a suburb of Chicago) during a cocaine transaction with a **PAID** informant.

On July 26, 1990, the Government filed a THREE COUNT Indictment. (Id., @ **-iv-.**, Dkt # 21)(**EXHIBITS [01]** thru **[05]**).

Since all THREE COUNTS of Olson's Indictment contain the same **fatal-flaw,** in the interest of brevity, Olson will use COUNT TWO, **EXHIBIT [04],** for this demonstration . . .

The SPECIAL APRIL 1990 GRAND JURY Charges:

**DUANE R. OLSON,**
defendant herein, knowingly and intentionally did distribute and cause to be distributed approximately 250 grams of a mixture containing cocaine, a Schedule II Narcotic Drug Controlled Substance; In violation of Title 21, United States Code, Section **841(a)(1).**"

Section **841(a)(1)** of Title 21, is a **'negative'** statute that makes it; "[u]**nlawful** for any person knowingly or intentionally" to possess, manufacture, distribute, or dispense, controlled substances **"(a) Except as authorized by this subchapter"** Referencing the **"Authorized activities"** of Title 21, United States Code, Sec-

-6-

tion 822(b)., a **'positive'** statute that makes it **'lawful'** for; "Persons registered by the Attorney General" to possess, manufacture, distribute, or dispense, controlled substances..."[t]o the extent **authorized by their registration**".

Title 21, United States Code, Section **841(b)** Prescribes the **Penalties** for "[a]ny person who violates subsection **(a)** of this section . . ."

The **actus reus/mens rea** elements essential to be proved "beyond a reasonable doubt" by the prosecution to sustain a Conviction and Satisfy the "due process" Clause of Olson's Fifth Amendment "rights" and the "nature and cause of the accusation" Clause of Olson's Sixth Amendment "rights" are; **1).** to knowingly or intentionally possess, manufacture, distribute, or dispense, a substance known to be controlled, **2). in a manner not authorized**.

Careful Examination and Analysis of Olson's THREE COUNT Indictment at **EXHIBITS [01-02-03-04-05]** reveal that the SPECIAL APRIL 1990 GRAND JURY **failed** to **'inform'** Olson, "[w]ith reasonable certainty of the **'nature'** of the accusation against him [and] without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished". <u>Russell v. U.S.</u>; 8 L ed 2d 240)(<u>U.S. v. Cruikshank</u>; 23 L ed 588 @ 593)(<u>U.S. v. Simmons</u>; 24 L ed 819, 820)(<u>U.S. v. Carll</u>; 26 L ed 1135).

It is interesting to note, that from Oct. 26, 1981, <u>Outler</u>; 659 F 2d 1306 until July 29, 1998, <u>Steele</u>; 147 F 3d 1316 and for

-7-

a period of **17-years**, the Eleventh Circuit Opined;

> "We now conclude that this element **[Except as authorized]**
> is essential to a charge of the offense * * * here the
> element embodies the culpability of the offense * * *
> without behavior beyond professional practice, <u>THERE</u>
> <u>IS NO CRIME</u>." (Emphasis added)

While the Circumstance of Dr. <u>Outler</u> and the Pharmacist Mr.
<u>Steele</u> relative to the **Burden of proof exemption** (21 U.S.C. **§ 885**)
may have Changed the Opinion of the Eleventh Circuit over those
**17-years**, the essential elements of a "Complete-Crime" in the
language of the Statute, Section **841(a)(1) DID NOT** and further-
more . . . **Olson is not a registrant!** (See Id., @ **-i-ii-**)

At any rate, **N O** reasonable thinking person from the Legal
Community would <u>ever</u> Champion an Argument that Congress has any
Power to "take-away" Olson's Perpetual Protection(s) Secured by
the Constitution and Guaranteed by the Original Ten Articles of
Amendment thereto.

"It is difficult to imagine a case in which an indictment's
insufficiency resulted so clearly in the indictment's **failure** to
fulfill its primary office — to inform the defendant of the nature
of the accusation against him." <u>Russell v. U.S.</u>; 8 L ed 2d 240 @ 252

**Unaware** of the TRUE **'nature'** of His "crime", Olson went to
trial with the Chief Issue . . . **undefined** . . . and a **failed defense**
of "entrapment"!

-8-

On May 2, 1991, (Dkt # 93, Id., @ **-v-**) and after closing arguments by both sides, the "JURY INSTRUCTIONS" were read by the Court and directed to the jury of Olson's peers; **EXHIBITS [06] thru [14]** and in relevant part hereafter;

**Court:** "It is your duty to follow these instructions. You must not question any rule of law stated by me in these instructions."

**Olson's Comment:** During the jury selection phase, Olson recalls no jurer interviewed and selected to have claimed any legal knowledge.

**Court:** "In Count 2 of the indictment Duane Olson is charged with the distribution of cocaine. Title 21, United States Code, Section **841(a)(1).**, provides in pertinent part;"

"It shall be unlawful for any person knowingly or intentionally to distribute or dispense a controlled substance." **EXHIBIT [10][11]**

**Comment:** Here, the Court's "truncated-version" of the Statute, Section **841(a)(1).**, **ORALLY** 'amends' a Congressionally enacted Statute to make it; **"[u]nlawful"** for Olson, a Practitioner, a Pharmacist, or **any person\*** to "[k]nowingly or intentionally distribute or dispense a controlled susbstance".

---

**\* any person**—as used with the asterisk**\*** hereafter, means **any person** at random, Citizen or Foreign National, within the boundries of the United States, its Territories, and/or Possessions.

**Court:** "In Count 3 of the indictment defendant Duane Olson [is] charged with possession of cocaine with the intent to distribute. Title 21 of the United States Code provides in pertinent part;"

> "It shall be unlawful for any person* knowingly and intentionally to distribute or dispense***a controlled substance." **EXHIBIT [12]**

**Comment:** **I T  D O E S  N O T !** Here, the Court **ORALLY 'fabricates'** the Congressionally Enacted Statute, Section **841(a)(1).**, to Support the Indictment's "IMPLICATION" that Olson's Conduct is. . . **UNLAWFUL** . . . a class-room/text-book Example of; THE DOCTRINE of CONSTRUCTIVE IMPLICATION!

In <u>Bousley v. U.S.</u>; 140 L Ed 2d 828, @ 839, Quoting <u>Davis v. U.S.</u>; 41 L Ed 2d 109, <u>U.S. v. Lanier</u>; 137 L Ed 2d 432, and <u>U.S. v. Hudson</u>; 7 Cranch 32, 3 L Ed 259 (1812) the Supreme Court said; "For under our federal system it is only Congress, and not the courts, which can make conduct criminal."

"If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the Constitution says 'no person shall be held to answer', may be frittered away until its value is almost destroyed." <u>Ex parte Bain</u>; L ed 849, <u>U.S. v. Norris</u>; 74 L ed 1076 <u>Stirone v. U.S.</u>; 4 L ed 2d 252.

-10-

**Court:** "I instruct you now that you are not to begin deliberations under any circumstances until that time that you receive from the Marshal the <u>written instructions which I've just read...</u>" EXHIBIT [14]

**Comment:** NOW, the Court has **Memorialized in Writing** the Court's 'fabricated-version' of the Statute, Section **841(a)(1)** to IMPLY and **COMPLY** with the Indictment's **'truncated-version'** that Olson's Conduct is . . . **U N L A W F U L !**

With the Court's threat "not to question * * * the written instructions which I've just read" . . . not Surprisingly . . . the jury "followed" the Court's Instructions and used the "[f]irst verdict form" to "[f]ind the defendant, DUANE R. OLSON, guilty as Charged in the indictment" . . . that is to say . . . the jury FOUND Olson GUILTY of Conduct that <u>NO federal law makes a crime or prescribes punishment for</u> . . . <u>but</u> . . . <u>the Court did both!</u> EXHIBIT ]14]

On September 11, 1991, In United States District Court for the Northern District of Illinois, Eastern Division, Chicago, District Court Judge, The Honorable **JAMES B. ZAGEL**, Presiding, Imposed a Term of **324-months** Imprisonment plus **10-years** Supervised Release upon Olson; **EXHIBITS [15]** thru **[19]**, for Conduct **F O U N D** by Olson's jury, to be; "[i]n violation of Title 21, United States Code, Section 841(a)(1)" . . .

Pursuant to the **Penalties** Prescribed in Title 21 USC **§ 841(b)** "[f]or any person who violates subsection **(a)** of this Section",

**-11-**

Referencing § 841(a) "(a) Except as authorized by this subchapter," Referencing; § 822(b); which makes it **'lawful'** for Persons "[i]n compliance with State and Local Laws" and registered with the Attorney General, to possess, manufacture, distribute, or dispense, controlled substances "[t]o the extent **'authorized'** by their registration" Referencing; § 821 for "[r]egulated persons and of regulated transactions". (Id., @ **-iii-**)

I F it's **TRUE** that the defendant in a criminal prosecution is **'presumed-innocent'** until; "[a]ll the elements necessary to constitute the offence intended to be punished" are proved "beyond a reasonable doubt", then the Official Government Documents Presented to the Court herein, furnish the Court with the Indisputable and **UN**-questionable prima facia Evidence, that Olson is Serving a **324-month** Term of Imprisonment for a **"CRIME"** . . . **NEVER** Charged by the Government's lawyers . . . **NEVER** Charged by the Grand Jury's Indictment . . . **NEVER denied** by Olson . . . **NEVER Admitted** by Olson . . . **NEVER** proved "beyond a reasonable doubt" . . . **NEVER** Charged in the Jury Instructions and . . . **N E V E R  F O U N D** by a Jury of Olson's peers, thus, the Jury's Verdict alone **DOES NOT 'AUTHORIZE'** the Court's Sentence of **324-months** Imposed upon Olson!

I, **DUANE R. OLSON,** hereby Swear and Certify, under the Pains and Penalties Prescribed for Perjury in Title 28, United States Code, Section **1746.**, that the foregoing **AFFIDAVIT and STATEMENT of FACT(S)** in CRIMINAL CASE NO: **90 CR 577** are **TRUE** and **CORRECT.** Executed on this _1 ᔆᵀ_ day of _May_ , 200 _8_ .

Applicant/Prisoner/Affiant ——
Duane R. Olson (pro-se)
Reg. No: 04931-424

-12-

## CONCLUSION

Olson believes He has Presented this Honorable Court with a Convincing and Conclusive Argument Supported by Official Government Documents, Court Records, and Court Transcripts, that Olson has Served nearly **18-years** of a **27-year** Sentence in Federal Prison for a "CRIME" N E V E R "NOTICED" by the Prosecutors, the SPECIAL APRIL 1990 GRAND JURY, Olson's Counsel, Olson, the District Court, nor . . . the jury of Olson's peers, and . . . **T H E R E F O R E** . . . Olson **DECLARES** that He is procedurally, legally, constitutionally, actually, and factually . . . **I N N O C E N T** . . . of the "CRIME" for which Olson is now Imprisoned, and . . .

IF this United States District Court for the Southern Distraict of Florida, Miami Division, Intends to Remain **TRUE** to the Framer's Intent to "[f]orm a more perfect Union, establish Justice ✳ ✳ ✳ and secure the Blessings of Liberty to ourselves and our Posterity", then Olson would Invite this Court to Carefully Scrutinize Olson's **DECLARATION** of **I N N O C E N C E** and ACT Accordingly . . . as "[l]aw and justice require".

° °
° °

-13-

## AN APPLICATION FOR
## WRIT OF HABEAS CORPUS RELIEF

The Applicant and Prisoner herein Identified as DUANE R. OLSON, Respectfully Request's this Honorable Court;

**1).** To **ISSUE an O R D E R** for the Government's lawyer(s) to SHOW CAUSE **WHY** Olson should **N O T** be released from **IL**-legal, **UN**-constitutional and **F A L S E** Imprisonment forthwith, and further;

**2).** Award whatever other Benefits this Honorable Court deems to be Appropriate and Equitable for **18-years** of **IL**-legal and **UN**-constitutional **F A L S E Imprisonment!**

Respectfully Submitted,

Applicant/Prisoner ——

Duane R. Olson (pro-se)
Reg. No: 04931-424
P.O. Box 779800 Unit "C"
Federal Correctional Institution
Miami, Florida 33177-0200

-14-

## CERTIFICATE OF SERVICE

    I, **DUANE R. OLSON**, hereby Swear and Certify, Pursuant to the Penalties Prescribed for Perjury in Title 21 U.S.C. **§ 1746**, that a **TRUE and CORRECT** Copy of the foregoing Fourteen (14) pages of this Application for Habeas Corpus Relief, was mailed First Class, Postage Pre-paid, to the following Interested Party(s);

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF FLORIDA<br>MIAMI DIVISION<br>COURTHOUSE SQUARE<br>301 NORTH MIAMI AVENUE<br>MIAMI, FLORIDA 33128-7788 | UNITED STATES ATTORNEY<br>99 N.E. 4th STREET<br>MIAMI, FLORIDA 33132 |

Executed on this _____ day of _May_____, 200__ .


Prisoner/Affiant —

Duane R. Olson (pro-se)
Reg. No: 04931-424
P.O. Box 779800 Unit "C"
Federal Correctional Institution
Miami, Florida 33177-0200

-15-

IN UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

DUANE R. OLSON,

            Applicant/Prisoner,

Versus

MR. JORGE PASTRANA, WARDEN,

Representing,

THE UNITED STATES OF AMERICA,

            Respondent/Defendant.

**REGISTERED   MAIL**
7006 0810 0004 9229 4163
**RETURN RECEIPT REQUESTED**

**CIVIL ACTION:** _____

# E X H I B I T S

| EXHIBIT | | | | | | PAGE |
|---|---|---|---|---|---|---|
| INDICTMENT | * | * | * | * | * | * | [01] THRU [05] |
| JURY INSTRUCTIONS | | * | * | * | * | * | [06] THRU [14] |
| COURT'S SENTENCE | | * | * | * | * | * | [15] THRU [16] |
| JUDGMENT & COMMITMENT | * | * | * | * | * | [17] THRU [18] |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUL 26 1990

ZAGEL

3 wer    9/4 A

9/18 G

9/25 staf

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  90 CR 577 |
| | ) | Violations:  Title 21, |
| DUANE R. OLSON, | ) | United States Code, |
| also known as Duke, | ) | Sections 846 and 841(a)(1), |
| (hereinafter in this indictment | ) | and Title 18, United |
| referred to only as | ) | States Code, Section 2 |
| Duane R. Olson), and | ) | |
| GEORGE A. MORRIS | ) | |

## COUNT ONE

The SPECIAL APRIL 1990 GRAND JURY charges:

1.    From on or about January 30, 1990, until on or about June 26, 1990, at Chicago and Lombard, in the Northern District of Illinois, Eastern Division, and elsewhere:

DUANE R. OLSON and
GEORGE A. MORRIS,

defendants herein, did conspire with each other and with others unknown to the Grand Jury, knowingly and intentionally to possess with intent to distribute and to distribute approximately 17 kilograms of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

2.    It was part of the conspiracy that defendants DUANE R. OLSON and GEORGE A. MORRIS, possessed with the intent to distribute and distributed quantities of mixtures containing cocaine.

3.    It was further part of the conspiracy that on or about June 21, 1990, defendant DUANE R. OLSON distributed approximately

**EXHIBIT [01]**

250 grams of cocaine to another person (hereinafter "cooperating individual"), who was secretly cooperating with the United States Drug Enforcement Administration and was posing as a drug dealer, in exchange for $6,500 in cash.

4.    It was further part of the conspiracy that on or about June 22, 1990, defendant DUANE R. OLSON met with the cooperating individual, and negotiated to sell the cooperating individual kilogram quantities of cocaine.

5.    It was further part of the conspiracy that on or about June 22, 1990, defendant GEORGE A. MORRIS drove from the Northern District of Illinois to Florida to pick up kilograms of cocaine.

6.    It was further part of the conspiracy that on or about June 25 and 26, 1990, defendant GEORGE A. MORRIS drove a car containing approximately 16 3/4 kilograms of cocaine from Florida to Lombard, Illinois.

7.    It was further part of the conspiracy that on or about June 26, 1990, defendant DUANE R. OLSON and GEORGE A. MORRIS showed approximately 9 3/4 kilograms of cocaine to the cooperating individual.

8.    It was further part of the conspiracy that on or about June 26, 1990, defendant GEORGE A. MORRIS, while in possession of the 9 3/4 kilograms of cocaine, met with the cooperating individual for the purpose of delivering the cocaine to the cooperating individual in exchange for $253,000.

9.    It was further part of the conspiracy that on or about June 26, 1990, defendants DUANE R. OLSON and GEORGE A. MORRIS

2

EXHIBIT [02]]

possessed an additional quantity of cocaine, approximately seven kilograms, which they intended to sell at a later date.

10.   It was further part of the conspiracy that the defendants misrepresented, concealed and hid, and caused to be misrepresented, concealed and hidden, the purposes of and the acts done in furtherance of the conspiracy and used coded language, surveillance and counter-surveillance techniques, and other means to avoid detection by law enforcement authorities and otherwise to provide security to the members of the conspiracy.

In violation of Title 21, United States Code, Section 846.

3

**EXHIBIT [03]]**

## COUNT TWO

The SPECIAL APRIL 1990 GRAND JURY further charges:

On or about June 21, 1990, in the Northern District of Illinois, Eastern Division,

DUANE R. OLSON,

defendant herein, knowingly and intentionally did distribute and cause to be distributed approximately 250 grams of a mixture containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

4

EXHIBIT [04]

## COUNT THREE

The SPECIAL APRIL 1990 GRAND JURY further charges:

On or about June 26, 1990, at Lombard, in the Northern District of Illinois, Eastern Division,

DUANE R. OLSON and
GEORGE A. MORRIS,

defendants herein, knowingly and intentionally possessed with intent to distribute approximately 16 3/4 kilograms of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.


A TRUE BILL:


_____
F O R E P E R S O N


_____
UNITED STATES ATTORNEY



SPS:kjo

5

**EXHIBIT [05]**



CLERK'S FILE COPY

99-3574

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
NOV 27 1991

UNITED STATES OF AMERICA,           )
                                     )
                                     )
FILED                                )
NOV 27 1991                          )   No. 90 CR 577
H. STUART CUNNINGHAM, Clerk          )
UNITED STATES DISTRICT COURT         )



99-3574-T11

~~DONALD OLSON and GEORGE MORRIS,~~   )   Chicago, Illinois
                                     )   May 2, 1991
U.S.C.A. - 7th Circuit   Defendants.  )   1:00 p.m.
FILED                                )   Trial

THOMAS F. STRUBBE
CLERK

VOLUME 6 - PM SESSION
TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JAMES B. ZAGEL, and a jury

U.S.C.A. - 7th Circuit
FILED
DEC - 2 1999 PMS
GINO J. AGNELLO
CLERK
DOC. #

APPEARANCES:

For the Government:        HON. FRED L. FOREMAN
                           United States Attorney, by
                           MR. RONALD E. SAFER
                           MS. JULIA E. GETZELS
                           Assistant United States Attorneys
                           219 South Dearborn Street
                           Chicago, Illinois 60604

RECEIVED
DEC 10 1992
H. STUART CUNNINGHAM
UNITED STATES DISTRICT COURT

For Defendant Olson:       MR. GREGORY SCHLESINGER
                           180 North LaSalle Street
                           Suite 1708
                           Chicago, Illinois 60601

For Defendant Morris:      MR. DANIEL G. MARTIN
                           MR. JOHN F. MURPHY
                           219 South Dearborn Street
                           Room 1142
                           Chicago, Illinois 60604

                           ____da L. Barnes
                           ____icial Court Reporter
                           ____ South Dearborn Street
                           ____te 1918
                           ____cago, Illinois 60604
                           ____435-5568

U.S. COURT OF APPEALS
Seventh Circuit
Transcripts Vol. _____ of _____

EXHIBIT [06]

774

## Jury Instructions

1  instruct you as to the law applicable to this case.

2      It is your duty to follow all of these instructions.  You

3  must not question any rule of law stated by me in these

4  instructions.  Regardless of any opinion you may have as to

5  what the law ought to be, you must base your verdict upon the

6  law given by me.

7      It is your duty to determine the facts from the evidence in

8  this case.  You are to apply the law given to you in these

9  instructions to the facts and in this way decide the case.

10      You are the sole judges of the credibility of the witnesses

11  and of the weight to be given to the testimony of each of them.

12  In considering the testimony of any witness you may take into

13  account the witness' intelligence, ability and opportunity to

14  observe, age, memory and manner while testifying, and any

15  interest, bias or prejudice the witness may have, and the

16  reasonableness of the witness' testimony considered in the

17  light of all the evidence in the case.

18      You should judge the testimony of the defendant in the same

19  manner as you judge the testimony of any other witness.

20      Neither by these instructions, nor by any ruling or remark

21  which I have made do I mean to indicate any opinion as to the

22  facts or as to what your verdict should be.  You are the sole

23  and exclusive judges of the facts.

24      Opening statements of counsel are for the purpose of

25  acquainting you in advance with the facts counsel expect the

**EXHIBIT [07]**

780

## Jury Instructions

1    Solicitation of the defendant to commit a crime by a

2  government agent is by itself not sufficient to establish the

3  entrapment defense.

4    Evidence that the defendant has been convicted of a crime

5  is to be considered by you only insofar as it may affect the

6  defendant's credibility as a witness and insofar as it bears on

7  the defendant's predisposition to commit the crimes charged.

8  Beyond this it must not be considered by you as evidence of

9  guilt of the crime for which the defendant is on trial.

10    It is lawful for law enforcement officials to use and pay

11  cooperating individuals in the course of investigations. Law

12  enforcement officers and persons acting at the direction of law

13  enforcement officers in the course of official investigations

14  may legally employ investigative techniques that deceive. They

15  may also engage in conduct that would otherwise be unlawful if

16  done by non-law enforcement personnel.

17    Under the law the government is entitled to use stragins,

18  artifices, ruses, cooperating individuals and undercover agents

19  or investigators who may conceal their identity as agents of

20  the government.

21    It is also lawful for the government to obtain evidence

22  using a concealed tape recorder.

23    In Count 1 of the indictment defendants Duane Olson and

24  George Morris are charged with conspiracy to distribute and to

25  possess with intent to distribute cocaine.  Title 21, United

**EXHIBIT [08]**

781

Jury Instructions

1   States Code, Section 846 provides in pertinent part:

2       "Any person who conspires to commit any offense

3       defined in this subchapter is guilty of an offense

4       against the United States."

5       The phrase offense defined in this chapter includes the

6   offenses of distributing or possessing with intent to

7   distribute cocaine.

8       In order to establish the offense of conspiracy against

9   defendant George Morris the government must prove these

10  elements beyond a reasonable doubt:

11      One, that the alleged conspiracy existed; and

12      Two, that the defendant knowingly and intentionally became

13  a member of the conspiracy.

14      If you find from your consideration of all the evidence

15  that each of these propositions has been proved beyond a

16  reasonable doubt, then you should find the defendant guilty.

17  If on the other hand you find from your consideration of all

18  the evidence that any of these propositions has not been proved

19  beyond a reasonable doubt, then you should find the defendant

20  not guilty.

21      A conspiracy is a combination of two or more persons to

22  accomplish an unlawful purpose.  A conspiracy may be estab-

23  lished even if its purpose was not accomplished.

24      In determining whether the alleged conspiracy existed you

25  may consider the actions and statements of all the alleged

**EXHIBIT [09]**

Jury Instructions

1   beyond a reasonable doubt, then you should find the defendant

2   not guilty.

3       A conspiracy is a combination of two or more persons to

4   accomplish an unlawful purpose.  A conspiracy may be estab-

5   lished even if its purpose was not accomplished.  In deter-

6   mining whether the alleged conspiracy existed, you may consider

7   the actions and statements of all the alleged participants.

8   The agreement may be inferred from all the circumstances and

9   the conduct of all the alleged participants.  Only the

10  defendant's own words and acts show whether he joined the

11  conspiracy, but you may consider the statements of all the

12  alleged participants to decide what it was that the defendant

13  did and said or to help you understand the defendant's acts and

14  words.

15      To be a member of the conspiracy the defendant need not

16  join at the beginning or know all the other members or the

17  means by which the purpose was to be accomplished.

18      The government must prove beyond a reasonable doubt that

19  the defendant was aware of the common purpose and was a willing

20  participant.

21      Mere association with conspirators or those involved in a

22  criminal enterprise and mere presence at the scene of the crime

23  are insufficient to establish defendant's participation in a

24  conspiracy.

25      In Count 2 of the indictment Duane Olson is charged with

**EXHIBIT [10]**

Jury Instructions

1  the distribution of cocaine.  Title 21, United States Code,

2  Section 841(a)(1) provides in pertinent part:

3       "It shall be unlawful for any person knowingly or

4       intentionally to distribute or dispense a controlled

5       substance."

6  To sustain a charge in Count 2 that defendant Duane Olson

7  distributed cocaine the government must prove the following

8  propositions beyond a reasonable doubt:

9  First,, that the defendant knowingly and intentionally

10  possessed a quantity of a mixture;

11  Second, that the defendant knew that the mixture contained

12  a controlled substance;

13  Third, that the defendant distributed the controlled

14  substance;

15  Fourth, that the defendant was not entrapped.

16  If you find from your consideration of all the evidence

17  that each of these propositions has been proved beyond a

18  reasonable doubt, then you should find the defendant guilty.

19  If on the other hand you find from your consideration of all

20  the evidence that any of these propositions has not been proved

21  beyond a reasonable doubt as to a particular count, then you

22  should find the defendant not guilty.

23  Distribution is the transfer of possession from one person

24  to another.

25  I instruct you that cocaine is a Schedule 2 narcotic drug

**EXHIBIT [11]**

Jury Instructions

1  controlled substance.

2    In Count 3 of the indictment defendants Duane Olson and

3  George Morris are charged with possession of cocaine with the

4  intent to distribute.  Title 21 of the United States Code

5  provides in pertinent part:

6          "It shall be unlawful for any person knowingly and

7          intentionally to distribute or dispense or possess

8          with intent to distribute or dispense a controlled

9          substance."

10    To sustain the charge in Count 3 that Duane Olson possessed

11  cocaine with the intent to distribute the government must prove

12  the following propositions beyond a reasonable doubt:

13    First, that the defendant knowingly and intentionally

14  possessed the quantity of a mixture;

15    Second, that the defendant knew the mixture contained a

16  controlled substance;

17    Third, that the defendant possessed the controlled

18  substance with the intent to distribute it; and

19    Fourth, that the defendant was not entrapped.

20    If you find from your consideration of all the evidence

21  that each of these propositions has been proved beyond a

22  reasonable doubt, then you should find the defendant whom you

23  are considering guilty.

24    If on the other hand you find from your consideration of

25  all the evidence that any of these propositions has not been

**EXHIBIT [12]**

Jury Instructions

1    In a moment I'm going to send you back to the jury room,

2    but I instruct you now that you are not to begin deliberations

3    under any circumstances until that time that you receive from

4    the marshal the written instructions which I've just read and

5    certain other exhibits which I believe and the parties believe

6    will be helpful to you in your deliberations.

7    Finally, the verdict must represent the considered judgment

8    of each juror.  Your verdict, whether it be guilty or not

9    guilty, must be unanimous.  You should make every reasonable

10   effort in reaching a verdict.  In doing so you should consult

11   with one another, express your own views and listen to the

12   opinions of your fellow jurors.  Discuss your differences with

13   an open mind.  Do not hesitate to re-examine your own views and

14   change your opinion if you come to believe it is wrong, but you

15   should not surrender your honest beliefs about the weight and

16   effect of evidence solely because of the opinion of your fellow

17   jurors or for the purpose of returning a unanimous verdict.

18   You should give fair and equal consideration to all the

19   evidence and deliberate with the goal of reaching an agreement

20   which is consistent with the individual judgment of each juror.

21   You are impartial judges of the facts.  Your sole interest is

22   to determine whether the government has proved its case beyond

23   a reasonable doubt.

24   The marshal come forward.  Raise your right hand.

25   (Marshal duly sworn.)

EXHIBIT [13]

Jury Instructions

1   for fear of what he would learn, you may conclude that he acted

2   knowingly as I have used that word.

3       A defendant need not personally perform every act

4   constituting the crime charged.

5       Every person who willfully participates in the commission

6   of a crime may be found guilty.

7       Any person who knowingly aids, abetts, counsels, commands,

8   induces or procures the commission of a crime is guilty of that

9   crime.  However, that person must knowingly associate with the

10  criminal venture, participate in it and try to make it succeed.

11      Upon retiring to the jury room you will select one of your

12  number as your foreperson.  The foreperson will preside over

13  your deliberations and will be your representative here in

14  court.  Forms of verdict have been prepared for you.

15      The forms I will read.  The first verdict form:  We, the

16  jury, find the defendant Duane R. Olson guilty as charged in

17  the indictment.  This is the form you will use if your verdict

18  is Duane R. Olson is guilty as charged in all counts in the

19  indictment.

20      Then there is another verdict form.  We, the jury, find the

21  defendant Duane R. Olson not guilty as charged in the indict-

22  ment, which is the form you will use if you find that Duane

23  Olson is not guilty of all of the counts.

24      And then there is a third verdict form.  We, the jury, find

25  the defendant Duane Olson guilty as charged in Counts, and then

**EXHIBIT [14]**

CLERK'S FILE COPY



800

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )    **FILED**
                             )
        v.                   )    NOV 27 1991
                             )    No. 90 CR 577
DUANE OLSON,                 )    Chicago, Illinois
                             )    September 11, 1991
            Defendants.      )    1:00 p.m.
                             )    Sentencing

**DOCKETED**
NOV 27 1991

H. STUART CUNNINGHAM, Clerk
UNITED STATES DISTRICT COURT

855

U.S.C.A – 7th Circuit
**F I L E D**

THOMAS F. STRUBBE
CLERK

## VOLUME 8
### TRANSCRIPT OF PROCEEDINGS
### BEFORE THE HONORABLE JAMES B. ZAGEL

APPEARANCES:

**99-3574**

For the Government:        HON. FRED L. FOREMAN
                           United States Attorney, by
U.S.C.A.—7th Circuit       MR. RONALD E. SAFER
**F I L E D**              Assistant United States Attorney
                           219 South Dearborn Street
DEC - 2 1999  PMS          Chicago, Illinois 60604
GINO J. AGNELLO
       CLERK
DOC For Defendant Olson:   MR. GREGORY SCHLESINGER
                           180 North LaSalle Street
                           Suite 1708
                           Chicago, Illinois 60601


Court Reporter:            Wanda L. Barnes
                           Official Court Reporter
                           219 South Dearborn Street
                           Suite 1918
                           Chicago, Illinois 60604
                           312 435-5568



EXHIBIT [15]

Fessler – direct

1   perhaps you have in your mind that this admirable thing ought

2   to be contrasted with, for example, Karl Fessler, who is not a

3   very admirable man.  Clearly not a nice man.  I don't think he

4   was all that persuasive.

5       But, frankly, given his background and his history, I don't

6   think that you will be standing here today convicted were it

7   not to for what appeared on tapes, and for one other thing:

8   for the delivery of 16 kilos of cocaine.  Because no matter how

9   unfortunate it is that there are Karl Fessler's in this world

10  and no matter how unfortunate it is that the government uses

11  them –– and I think the government generally concurs with the

12  proposition that it is unfortunate that they have to use

13  them –– the fact of the matter is Fessler would never have

14  testified in this court, you would not be standing in this

15  court, if you hadn't delivered 16 keys of cocaine.

16      For that offense Congress sets a guideline range, and I'm

17  imposing sentence within that guideline range.

18      I impose a sentence of 324 months in the custody of the

19  Attorney General, which is the minimum sentence that can be

20  given under this guideline.  That is to be followed by ten

21  years supervised release.

22      Based on my examination of your financial condition, I

23  waive the fine.  I impose the special assessment of $150.

24      Anything further?

25          MR. SCHLESINGER:  Judge, one final matter, and that is

EXHIBIT [16]

AO 245 S (Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

# United States District Court

Northern ———— District of ____ Illinois

Eastern Division

UNITED STATES OF AMERICA

V.

DUANE R. OLSON

(Name of Defendant)

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: **90 CR 577-1**

**Gregory Schlesinger**

Defendant's Attorney

**THE DEFENDANT:**

- ☐ pleaded guilty to count(s) _____
- ☒ was found guilty on count(s) **one, two, and three** _____ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21:846 | Conspiracy | 6/90 | 1 |
| 21:841(a)(1) | Possession w/intent to distribute Cocaine | 6/90 | 2 |
| 21:841(a)(1) | Possession w/intent to distribute Cocaine | 6/90 | 3 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____ and is discharged as to such count(s).
- ☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.
- ☒ It is ordered that the defendant shall pay a special assessment of $ __150.00__, for count(s) **1,2,3** _____, which shall be due ☒ immediately ☐ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: **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**

Defendant's Date of Birth: **12/7/28**

Defendant's Mailing Address:

**71 W. Van Buren Street**

**Chicago, IL 60605**

Defendant's Residence Address:

**SAme**

September 11, 1991

Date of Imposition of Sentence

Signature of Judicial Officer

JAMES B. ZAGEL, U.S. DISTRICT JUDGE

Name & Title of Judicial Officer

September 23, 1991

Date

EXHIBIT [17]

AO 245 S (Rev. 4/90) Sheet 2 - Imprisonment

Defendant:     OLSON, Duane R.                                    Judgment—Page
Case Number:   90 CR 577-1

ELECTRONIC

MAY. 7, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ___THREE HUNDRED TWENTY-FOUR (324) MONTHS___

Said term of imprisonment to be served concurrently on each of counts 1,2 and 3.

☐ The court makes the following recommendations to the Bureau of Prisons:

XX The defendant is remanded to the custody of the United States marshal.
☐ The defendant shall surrender to the United States marshal for this district;
  ☐ at _____ a.m.
           p.m. on _____
  ☐ as notified by the United States marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
  ☐ before 2 p.m. on _____
  ☐ as notified by the United States marshal.
  ☐ as notified by the probation office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

_____
                  United States Marshal

By _____          EXHIBIT [18]