# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3505 | **DATE** | 8/5/2008 |
| **CASE TITLE** | Duane R. Olson (04931-424) v. United States of America | | |

**DOCKET ENTRY TEXT**

Petitioner has paid the required filing fee. The Court summarily dismisses the application for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241(c)(3), under Rules 1(b) and 4 of the Rules Governing Section 2255 Cases. Petitioner's motion to move the Court to act and to answer [9] and motion to move the Court for a status report [14] are denied as moot.

■[ For further details see text below.]     Docketing to mail notices. Mailed AO 450 form

## STATEMENT

      Petitioner, Duane R. Olson, brings this *pro se* application for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241(c)(3). Olson alleges that Judge James B. Zagel sentenced him to a term of imprisonment of 324 months which was not authorized by Title 21 U.S.C. § 822(b). Because Olson's pleading was styled as an application for writ of habeas corpus, it was assigned by lot pursuant to Local Rule 40.1(a), rather than being assigned to Judge Zagel.

      Olson was convicted on October 2, 1991 (*United States of America v. Olson*, No. 90 CR 577-1 (N.D.Ill.)), and his conviction was affirmed by the Court of Appeals on November 5, 1992 (*United States of America v. Olson*, 978 F.2d 1472 (7th Cir. 1992)). Olson filed a motion to vacate, set aside or correct sentence by a person in federal custody on March 22, 1996, which he moved to dismiss without prejudice on June 3, 1996. Judge Zagel granted the motion on June 10, 1996. Olson filed another motion to vacate, set aside or correct sentence by a person in federal custody on August 4, 1997. Judge Zagel dismissed the motion on September 2, 1999. Olson appealed, and the Court of Appeals vacated the district court order dismissing the successive collateral attack as untimely and remanded the case with instructions that the court must dismiss the case for lack of jurisdiction on September 8, 2000. Olson filed another motion pursuant to 28 U.S.C. § 2255, which was filed in case number 01 C 1556, on March 5, 2001. Judge Zagel denied the motion on March 19, 2001, for lack of jurisdiction because Olson had not been approved to proceed by the Court of Appeals. Olson did not file a Notice of Appeal until March 7, 2005. The Court of Appeals dismissed the appeal for lack of jurisdiction on June 2, 2005. On September 6, 2005, Olson filed a petition for an extraordinary writ. On Septemebr 20, 2005, after finding that Olson's petition for an extraordinary writ was an attempt to challenge his conviction, and that the petition for an extraordinary writ must be construed as a motion to vacate sentence pursuant to 28 U.S.C. § 2255, the petition for an extraordinary writ was dismissed because the successive Section 2255 motion had not been certified by a panel of the Seventh Circuit. Olson appealed, and, on March 21, 2006, the district court was affirmed.

**STATEMENT**

Olson's newest filing, while titled an application for writ of *habeas corpus* under 28 U.S.C. § 2441, is, again, an improper attempt to challenge his conviction outside of the procedures established by law. Regardless of what he titles his application, this application fits within the ambit of a motion to vacate sentence pursuant to 28 U.S.C. § 2255, that is, Olson is a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, and that the court was without jurisdiction to impose such sentence, and that the sentence was in excess of the maximum authorized by law. *See Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (a post-conviction filing that fits the description of a motion to vacate is a "motion to vacate," no matter what the defendant calls the filing).

As noted above, Olson has already filed multiple Section 2255 motions. Before this Court could entertain a second or successive motion filed under Section 2255, it must be certified by a panel of the appropriate Court of Appeals to contain newly discovered evidence that could establish that no reasonable factfinder would have found the movant guilty, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; *see* 28 U.S.C. § 2244(a). Olson therefore must have any second or successive Section 2255 motion certified by a panel of the Seventh Circuit before the district court may hear it. If Olson succeeds in having the Court of Appeals allow his successive Section 2255 to be heard, it will then be before Judge Zagel.

Accordingly, after preliminary review, the Court summarily dismisses the application for writ of *habeas corpus* under 28 U.S.C. § 2441, under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.

Olson also filed a motion to move the Court to act and to answer and a motion to move the Court for a status report. These motions are denied as moot.