IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
219 South Dearborn Street
Chicago, Illinois 60604

DUANE R. OLSON,
    Applicant/Prisoner,

Versus

THE UNITED STATES OF AMERICA,
    Respondent/Defendant.

CIVIL CASE NO: **08CV3505**

LEINENWEBER/COX

FILED
AUG 22 2008
AUG 22 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## A NOTICE OF APPEAL

**NOW COMES**, DUANE R. OLSON, (hereafter-Olson), to file this NOTICE OF APPEAL from the District Court's "STATEMENT" of August 5, 2008.

Statement of the Case:

On May 7, 1008, (3-months ago) Olson filed An Application For Writ of Habeas Corpus Relief, Pursuant to the Provisions of Title 28 U.S.C. § **2241(c)(3).**, In United States District Court For the Southern District of Florida, Miami Division.

On May 15, 2008, Magistrate WHITE "recommended that this case be transferred to the United States District Court" in Chicago "to determine whether this petition is successive, time barred or subject to any other procedural bar", **NOT** for the Court to determine if Olson's claim of innocence had merit, but **"to determine any other procedural bar"**.

On June 4, 2008, District Court Judge ALAN S. GOLD, ISSUED an **ORDER** Adopting the Magistrate's R & R Transferring Olson's Application for Habeas Corpus Relief "to the Northern District of Illinois".

On July 14, 2008, Olson filed A Motion to Move the Court for a Status Report.

On August 5, 2008, Olson filed A Motion To Move The Court To ACT and A DEMAND For The Production Of Jurisdiction in Personam.

On August 13, 2008, nearly **60-days** after the Court received Olson's Application for Writ of Habeas Corpus Relief with an Instant Liberty Issue, Olson received an Un-Signed "STATEMENT" issued by "someone" Stating Olson's 28 U.S.C. **§ 2241.**, "fits within the ambit of a motion to vacate sentence pursuant to 28 U.S.C. § 2255".

Editorial:

Assuming one of the minions of the court authored the Court's "STATEMENT" of 300-words tracking Olson's filings with the Court over the past 18-years, had the Court "searched" for its Own jurisdiction 18-years ago, Olson wouldn't be in prison.

The Court's "STATEMENT" treats Olson like he was an "ENEMY COMBATANT" or a Terrorist rather than an American Citizen trying to find the elusive 'justice for all' and completely ignores Olson's claim of **'actual and factual innocence'** as well as the Supreme Law of the Land cited in Olson's Original Writ, if in fact, anyone even read Olson's Application.

It is one thing for a district court to Operate a § 2255., in a fashion to "cover-up" the Court's violations of Constitution Law and the Defendant's Civil Rights **YESTERDAY**...

But its quite another thing for magistrates, judges, prosecutors and district court minions to Combine, Conspire, and have tacit agreement to Operate a § 2255., as a tool to violate Constitution Law and the People's Civil Rights **TOMORROW!**

The Actors and Players of the courtroom scene enjoy judicial and prosecutional immunity from monetary damages for the court's actions **YESTERDAY**...

But there **IS NO** immunity for those Actors and Players from Criminal Indictments to violate the People's Constitution and Civil Rights **under color of law...TOMORROW!**

The ISSUES Presented to this Court in Olson's Original Application for habeas relief, far and away exceed the release of one old man from federal prison, it Challenges and then proves "beyond a reasonable doubt" that the prima facia statute, **§ 841.**, of Title 21, OPERATED by the Executive and Judicial Branches as "prima facia law" to Conduct America's "WAR on DRUGS", **IS NO LAW AT ALL!** (See attached TREATISE)

To this end, Olson will file FORMAL COMPLAINTS with the House and Senate Committee on the Judiciary as well as Appeal this Court's "STATEMENT" which is nothing more than an arrogant "NOTICE" that the Executive and Judicial Branches of the Government of the United States Intend to continue its Moralistic "WAR on DRUGS" under color of **FRAUD!**

THEREFORE . . .

Olson serves this "NOTICE OF APPEAL" for the following Question(s) to be Reviewed by the Seventh Circuit Court of Appeals:

### QUESTION FOR REVIEW

WHETHER THE DISTRICT COURT ABUSED ITS POWER TO **DISMISS** A LEGITIMATE § 2241(c)(3)., APPLICATION FOR HABEAS CORPUS RELIEF WITH AN "actual and factual innocent" ISSUE BY 'BASTARDIZING' THE CONGRESSIONALLY ENACTED § 2255., INTENDED "[t]o minimize the difficulties encountered in habeas corpus hearings by affording the **'same rights'** in another and more convenient forum", TO OPERATE AS A **"Deprivation of rights under color of law"** AND **'PROCEDURALLY-BAR'** THE APPLICANT FROM HIS CONSTITUTIONAL "privilege of the Writ of Habeas Corpus", PERPETUALLY PROTECTED AND SECURED BY ARTICLE I., SECTION 9., CLAUSE 2., OF THE CONSTITUTION FOR THE UNTIED STATES?

---

### QUESTION FOR REVIEW

WHETHER THE CONSTITUTION FOR THE UNITED STATES CONFER'S LEGISLATIVE JURISDICTION FOR THE NINETY-FIRST CONGRESS TO ENACT LEGISLATION **(21 U.S.C. § 885)** THAT WOULD "take-away" THE PEOPLE'S FIFTH AMENDMENT **'rights'** OF "[d]ue process of law" AND "[a]gainst self-incrimination" AND THE PEOPLE'S SIXTH AMENDMENT **'right"**, "[t]o be informed of the nature and cause of the accusation"?

---

## QUESTION FOR REVIEW

WHETHER OR NOT THE "[n]ecessary and proper" CLAUSE CONFER'S LEGISLATIVE-JURISDICTION FOR THE NINETY-FIRST CONGRESS TO ENACT A PENAL STATUTE [21 U.S.C. § 841(b)] UTILIZED BY THE EXECUTIVE AND JUDICIAL BRANCHES TO PUNISH ANY PERSON **NOT REGULATED** AND UNDER SIGNED CONTRACT WITH THE ATTROENY GENERAL FOR FEDERAL JURISDICTION TO BE FEDERALLY REGULATED IN THE CLOSED COMMERCIAL SYSTEM OF "CONTROLLED SUSBSTANCES" FOR A "violation of subsection (a)"?

---

## QUESTION FOR REVIEW

WHETHER OR NOT OLSON IS "actually and factually innocent" OF THE 324-MONTH SENTENCE IMPOSED BY THE COURT UNDER STATUTE(S) [§ 841(b) AND § 841(a)(1)] THAT BY THEIR VERY OWN TERMS, **DO NOT** EVEN APPLY TO OLSON?

---

Respectfully Submitted,

Applicant/Prisoner _____
Duane R. Olson  (pro-se)
Reg. No: 04931-424
P.O. Box 779800  Unit "C"
Federal Correctional Institution
Miami, Florida  33177-0200

### CERTIFICATE OF SERVICE

I, DUANE R. OLSON, hereby Swear that a TRUE and CORRECT Copy of the foregoing NOTICE OF APPEAL was mailed, First-Class, to Asst. U.S. Attorney, Mr. ERIK A. HOGSTROM, 219, South Dearborn Street, Chicago, Illinois, 60604, on this 15 day of August, 2008.

_____
Duane R. Olson  (pro-se)

-5-

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal.  Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER: 08 cv 3505

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Olson/appellant | | Pastrana/appellee |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Duane R. Olson | Name | Erik A. Hogstrom |
| Firm | pro-se #04931-424 | Firm | AUSA |
| Address | Miami - FCI<br>P.O. Box 779800<br>Miami, FL 33177 | Address | 219 S. Dearborn<br>Suite 500<br>Chgo.Il. 60604 |
| Phone | | Phone | 312) 353-5300 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Leinenweber | Date Filed in District Court | 6/17/08 |
| Court Reporter | K. Burgeson   X-5567 | Date of Judgment | 8/6/08 |
| Nature of Suit Code | 530 | Date of Notice of Appeal | 8/22/08 |

COUNSEL:    Appointed [ ]    Retained [ ]    Pro Se [X]

FEE STATUS:    Paid [ ]    Due [X]    IFP [ ]
               IFP Pending [ ]    U.S. [ ]    Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?    Yes [ ]    No [X]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]    Denied [ ]    Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3505 | **DATE** | 8/5/2008 |
| **CASE TITLE** | Duane R. Olson (04931-424) v. United States of America | | |

**DOCKET ENTRY TEXT**

Petitioner has paid the required filing fee. The Court summarily dismisses the application for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241(c)(3), under Rules 1(b) and 4 of the Rules Governing Section 2255 Cases. Petitioner's motion to move the Court to act and to answer [9] and motion to move the Court for a status report [14] are denied as moot.

■[ For further details see text below.]

Docketing to mail notices.
Mailed AO 450 form

## STATEMENT

      Petitioner, Duane R. Olson, brings this *pro se* application for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241(c)(3). Olson alleges that Judge James B. Zagel sentenced him to a term of imprisonment of 324 months which was not authorized by Title 21 U.S.C. § 822(b). Because Olson's pleading was styled as an application for writ of habeas corpus, it was assigned by lot pursuant to Local Rule 40.1(a), rather than being assigned to Judge Zagel.

      Olson was convicted on October 2, 1991 (*United States of America v. Olson*, No. 90 CR 577-1 (N.D.Ill.)), and his conviction was affirmed by the Court of Appeals on November 5, 1992 (*United States of America v. Olson*, 978 F.2d 1472 (7th Cir. 1992)). Olson filed a motion to vacate, set aside or correct sentence by a person in federal custody on March 22, 1996, which he moved to dismiss without prejudice on June 3, 1996. Judge Zagel granted the motion on June 10, 1996. Olson filed another motion to vacate, set aside or correct sentence by a person in federal custody on August 4, 1997. Judge Zagel dismissed the motion on September 2, 1999. Olson appealed, and the Court of Appeals vacated the district court order dismissing the successive collateral attack as untimely and remanded the case with instructions that the court must dismiss the case for lack of jurisdiction on September 8, 2000. Olson filed another motion pursuant to 28 U.S.C. § 2255, which was filed in case number 01 C 1556, on March 5, 2001. Judge Zagel denied the motion on March 19, 2001, for lack of jurisdiction because Olson had not been approved to proceed by the Court of Appeals. Olson did not file a Notice of Appeal until March 7, 2005. The Court of Appeals dismissed the appeal for lack of jurisdiction on June 2, 2005. On September 6, 2005, Olson filed a petition for an extraordinary writ. On Septemebr 20, 2005, after finding that Olson's petition for an extraordinary writ was an attempt to challenge his conviction, and that the petition for an extraordinary writ must be construed as a motion to vacate sentence pursuant to 28 U.S.C. § 2255, the petition for an extraordinary writ was dismissed because the successive Section 2255 motion had not been certified by a panel of the Seventh Circuit. Olson appealed, and, on March 21, 2006, the district court was affirmed.

**STATEMENT**

  Olson's newest filing, while titled an application for writ of *habeas corpus* under 28 U.S.C. § 2441, is, again, an improper attempt to challenge his conviction outside of the procedures established by law. Regardless of what he titles his application, this application fits within the ambit of a motion to vacate sentence pursuant to 28 U.S.C. § 2255, that is, Olson is a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, and that the court was without jurisdiction to impose such sentence, and that the sentence was in excess of the maximum authorized by law. *See Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (a post-conviction filing that fits the description of a motion to vacate is a "motion to vacate," no matter what the defendant calls the filing).

  As noted above, Olson has already filed multiple Section 2255 motions. Before this Court could entertain a second or successive motion filed under Section 2255, it must be certified by a panel of the appropriate Court of Appeals to contain newly discovered evidence that could establish that no reasonable factfinder would have found the movant guilty, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; *see* 28 U.S.C. § 2244(a). Olson therefore must have any second or successive Section 2255 motion certified by a panel of the Seventh Circuit before the district court may hear it. If Olson succeeds in having the Court of Appeals allow his successive Section 2255 to be heard, it will then be before Judge Zagel.

  Accordingly, after preliminary review, the Court summarily dismisses the application for writ of *habeas corpus* under 28 U.S.C. § 2441, under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.

  Olson also filed a motion to move the Court to act and to answer and a motion to move the Court for a status report. These motions are denied as moot.

# United States District Court

## Northern District of Illinois

**Eastern Division**

Duane R. Olson                                    **JUDGMENT IN A CIVIL CASE**

        v.                                 Case Number: 08 C 3505

United States of America

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the Court summarily dismisses the application for writ of habeas corpus.

 

Michael W. Dobbins, Clerk of Court

Date: 8/5/2008         _____

                                       /s/ Wanda A. Parker, Deputy Clerk

APPEAL, COX, HABEAS, INTERDIST - TRANSF, PC, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:08-cv-03505
### Internal Use Only

| | |
|---|---|
| Olson v. Pastrana et al<br>Assigned to: Honorable Harry D. Leinenweber<br>Case in other court: Southern District of Florida (Miami), 08-cv-21340<br>Cause: 28:2241 Petition for Writ of Habeas Corpus | Date Filed: 06/17/2008<br>Date Terminated: 08/05/2008<br>Jury Demand: None<br>Nature of Suit: 530 Prisoner: Habeas Corpus<br>Jurisdiction: U.S. Government Defendant |

**Plaintiff**

| | | |
|---|---|---|
| **Duane R. Olson** | represented by | **Duane R. Olson**<br>#04931-424<br>Miami - FCI<br>P.O. Box 779800<br>Miami, FL 33177<br>PRO SE |

V.

**Defendant**

| | | |
|---|---|---|
| **Jorge Pastrana**<br>*Warden* | represented by | **AUSA**<br>United States Attorney's Office (NDIL)<br>219 South Dearborn Street<br>Suite 500<br>Chicago, IL 60604<br>(312) 353-5300<br>Email: USAILN.ECFAUSA@usdoj.gov<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **The United States of America** | represented by | **Erik A Hogstrom**<br>United States Attorney's Office (NDIL)<br>219 South Dearborn Street<br>Suite 500<br>Chicago, IL 60604<br>312 353-5300<br>Email: erik.hogstrom@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

|  |  | **AUSA**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
| **Service List** | represented by | **Prisoner Correspondence - Internal Use Only**<br>Email: Prison1_ILND@ilnd.uscourts.gov<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/07/2008 |  | RECEIVED Application for writ of Habeas Corpus Relief Pursuant to the provisions in Title 28, United States Code, Section 2241(c)(3) and 1 copies by Plaintiff Duane R. Olson. (To view an image of this document see entry number 9.) (smm) (Entered: 06/23/2008) |
| 05/20/2008 |  | MOTION by Plaintiff Duane R. Olsonto move the Court to Act re: 1 Petition for writ of habeas corpus. (To view an image of this document see entry number 9.) (smm) (Entered: 06/23/2008) |
| 06/10/2008 |  | MOTION by Plaintiff Duane R. Olsonto move the Court to answer re 1 petition for writ of habeas corpus. (To view an image of this document see entry number 9.) (smm) (Entered: 06/23/2008) |
| 06/17/2008 | 9 | RECEIVED from Southern District of Florida; Case Number 08-21340-CIV-GOLD/WHITE documents numbered 1-8, consisting of: transmittal letter, Order adopting Magistrate Judge's Report and Recommendation; Closing Case, Certified Copy of Docket Sheet and transfer order. (Attachments: #(1) Application for writ of habeas, #(2) Motion to move the Court to Act, #(3) Motion to move the Court to Answer).(smm) (Entered: 06/23/2008) |
| 06/17/2008 | 11 | POST MARKED envelope for initiating document by Duane R. Olson (Document not scanned) (aew, ) (Entered: 06/30/2008) |
| 06/18/2008 | 10 | CIVIL Cover Sheet. (smm) (Entered: 06/23/2008) |
| 06/23/2008 |  | MAILED Local Rule 83.15 (Designation of local counsel.) to counsel of record. (smm) (Entered: 06/23/2008) |
| 06/23/2008 |  | (Court only) FORWARDED Application for writ of habeas corpus relief to Assistant United States Attorney Thomas P. Walsh. (smm) (Entered: 06/23/2008) |
| 07/07/2008 | 12 | MINUTE entry before the Honorable Harry D. Leinenweber:Petitioner is given 30 days from the date of this order to either pay the $5 filing fee or file a petition for leave to file in forma pauperis. The Clerk is directed to send Petitioner an in forma pauperis application. If Petitioner does not comply with this order within 30 days, the Court shall dismiss this action.Mailed notice (smm) (Entered: 07/08/2008) |
| 07/07/2008 |  | MAILED Application to proceed in forma pauperis to Duane R. Olson. |

| | | |
|---|---|---|
| | | (smm) (Entered: 07/08/2008) |
| 07/14/2008 | 13 | DESIGNATION of Erik A Hogstrom as U.S. Attorney for Defendant The United States of America (Hogstrom, Erik) (Entered: 07/14/2008) |
| 07/14/2008 | 14 | MOTION by Plaintiff Duane R. Olson to move the Court for a status report. (smm) (Entered: 07/16/2008) |
| 07/18/2008 | 15 | (Court only) RECEIPT regarding payment of filing fee paid on 7/18/2008 in the amount of $5.00, receipt number 4624006055. (smm) (Entered: 07/22/2008) |
| 07/18/2008 | 16 | PETITION for writ of habeas corpus filed by Duane R. Olson against Jorge Pastrana, The United States of America Filing fee $5. (hp, ) (Entered: 07/29/2008) |
| 08/04/2008 | 19 | MOTION by Plaintiff Duane R. Olson to amend or supplement, the attached newspaper article, to the Eighteen Exhibits, in the original Habeas Corpus Application, now moving before this Honorable Court, Pursuant to Fed. R. Civ. P. Rule 15(a)(Exhibit). (smm) (Entered: 08/06/2008) |
| 08/05/2008 | 17 | MINUTE entry before the Honorable Harry D. Leinenweber:Petitioner has paid the required filing fee. The Court summarily dismisses the application for writ of habeas corpus pursuant to 28 U.S.C. Section 2241(c)(3), under Rules 1(b) and 4 of the Rules Governing Section 2255 Cases. Petitioner's motion to move the Court to act and to answer 9 and motion to move the Court for a status report 14 are denied as moot. Civil case terminated. Mailed notice (smm) (Entered: 08/06/2008) |
| 08/05/2008 | 18 | ENTERED JUDGMENT. (smm) (Entered: 08/06/2008) |
| 08/11/2008 | 20 | MOTION by Plaintiff Duane R. Olson to move the court to act and a demand for the production of jurisdiction in personam. (Exhibit). (ep, ) (Entered: 08/14/2008) |
| 08/22/2008 | 21 | NOTICE of appeal by Duane R. Olson regarding orders 18 , 17 (Fee Due) (dj, ) (Entered: 08/25/2008) |
| 08/22/2008 | 22 | The Doctrine of Constructive Implication by Duane R. Olson (dj, ) (Entered: 08/25/2008) |
| 08/25/2008 | 23 | NOTICE of Appeal Due letter sent to counsel of record (dj, ) (Entered: 08/25/2008) |